## Mary A. Bumgartner et al. v. Henry B. Hall et al.

1. DECREES—*What is not a Money Decree.*—A decree for a mechanic's lien in the alternative that the money be paid within a given time or the property sold, giving the owners of the property the option to pay or

suffer the sale to proceed, is not a personal money decree, and can not be enforced by execution or other process against the persons or general property of the defendants in the decree.

**Bill for a Mechanic's Lien.**—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 6, 1895.

## STATEMENT OF THE CASE.

Appellees, who are carpenters and contractors, obtained a decree in the Circuit Court establishing a lien upon a certain lot owned by Mary A. Bumgartner, one of the appellants, for the amount remaining unpaid to said appellees and their sub-contractors for work performed and material furnished in and about the construction of a dwelling house on said lot.

The court found and recited in the decree the following facts as having been established by the evidence:

" That Frank X. Bumgartner, with the knowledge and consent of Mary Bumgartner, his wife, entered into a contract in writing with the complainants for the erection of a dwelling house on the lots owned by the said Mary Bumgartner; that immediately after the making of said contract and in compliance with the terms thereof, the complainants commenced work upon said building and erected the same upon the said lot; that after said contract was entered into as aforesaid, said Mary Bumgartner ratified, adopted, acknowledged and accepted the said contract made by said Frank X. Bumgartner as her agent, and from time to time, during the progress of the work until its completion, took charge of the construction of said building, and took the said contract as her own, and from that time on made changes in the plans and construction of the house, and claimed the house, and demanded its completion and demanded possession of said house as her own, and took possession thereof, and moved into said house, and does now and ever since said time has occupied the same as her own property with her family; and that the said Mary Bumgartner is liable to the

complainants for the labor and materials furnished by them in the erection of the dwelling house upon said premises, and that there is due the complainants the sum of $2,151.07, for which they are entitled to a lien on said premises; that there is due certain sub-contractors and material men from complainants, for labor and materials furnished in said building, various sums. It is therefore ordered, adjudged and decreed that complainants and said contractors have a lien on said premises for the amount so found due, and that the defendants, Mary Bumgartner and Frank X. Bumgartner, within twenty days from this date, pay to M. U. Woodruff, special master in chancery of this court, the said sum with interest from this date, to be distributed by said special master between said sub-contractors and complainants after the payment of costs, according to their respective interests, and in case of default that said premises be sold at public vendue by said special master.

This is an appeal from the decree.

PATTON, HAMILTON & PATTON, attorneys for appellants.

SCHOLES, SELBY & HERNDON, attorneys for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

A thorough examination of the testimony has convinced us the findings of the court are well sustained.

To here state the proofs in detail would be of no benefit to the litigants, counsel or the profession.

The decree declaring a lien was the necessary result of the application of the law to the facts proven.

Though the decree ordered and adjudged that Frank X. and Mary A. Bumgartner pay the amount for which the lien was established to the master within twenty days, yet it is not enforcible as a money decree against them or either of them.

Compliance with this order could not be enforced by execution or other process against the person or general property of both or either.

Non-compliance therewith had no other effect than to subject to sale the property upon which the lien existed.

The decree is an alternative one, that the money be paid or the property sold, giving the owners of the property the option to pay or suffer the sale to proceed. Gochenour v. Mowry, 33 Ill. 331; Phelan v. Iona Savings Bank, 48 Ill. App. 171. Decree is affirmed.