Ethel S. Carpenter, Appellee, v. Anna Young, Appellant. Katie Cooper et al., Defendants.

Gen. No. 8,884.

the January term, 1935. Heard in this court at Opinion filed April 12, 1935.

MARTIN & HUTCHENS and F. R. WILEY, all of Decatur, for appellant.

REDMON, REDMON & BODMAN, of Decatur, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

On September 14, 1934, the circuit court of Macon county entered a decree in a foreclosure proceeding pending in said court wherein Ethel S. Carpenter was complainant and Katie. Cooper, Alph F. Cooper, Esther Cooper, Chester E. Cooper, Gertrude Cooper, Joseph E. Cooper, Kathryn R. Cooper, the Millikin Trust Company, a corporation, W. T. Delahunty & Co., Inc., and Anna Young were defendants. By the terms of the decree the court reformed the trust deed

sought to be foreclosed and ordered said defendants to pay to the complainant, within five days, the sum of $4,536.51 and costs, and that in default thereof the premises described in said trust deed as reformed be sold. This appeal was taken by Anna Young from said decree.

Appellee suggests that appellant did not observe the rules of court as to the title of this cause on appeal. This is true. An examination of paragraphs 1 and 2 of section 21 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 149, and Rule 33 of the Supreme Court makes it clear that in all appeals the relative position of the parties and their designation as plaintiffs or defendants shall be the same as in the court whose action is in question, with the further designation in the title of the case as appellants and appellees.

Section 81 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 209, provides that when a judgment, order or decree shall be rendered in any court of record in any case or proceeding whatever against two or more persons, either one of said persons shall be permitted to appeal, just as was the case under section 97 of the Act of 1907.

When Anna Young gave notice of appeal and her codefendants failed to prosecute separate appeals, or appear and become coappellants, by serving and filing the required notice, they were automatically severed and by perfecting her appeal she became the sole appellant, but this does not mean that such codefendants are not parties in this court. The appeal being a continuation of the suit in the circuit court, the parties to the record are bound to follow the appeal. All of the parties to the record in the circuit court are still parties to the record in this court. The further designation of appellants or appellees should not be given coparties failing to appeal as is sometimes erroneously done. *Northern Trust Co. v. Thompson,* Quindry's

Appellate Practice, 554–556. Announcement by Justice Thompson of the Supreme Court on a motion to dismiss the writ of error in said cause because of a lack of necessary parties.

Ethel S. Carpenter, appellee herein, in her bill of complaint alleged in substance that Alfred A. Cooper and Katie Cooper, his wife, on the second day of February, 1917, being indebted to the Millikin Trust Company, in the sum of $4,200, made and delivered to said corporation a note payable to bearer in five years after date, and on said day said Alfred A. Cooper was the owner of Lot Five (5), also five (5) feet off the entire *east side* of Lot Six (6) of the Surveyor's Subdivision of all that part of the Southwest Quarter of the Northeast Quarter of Section Sixteen (16), Township Sixteen (16) North, Range Two (2) East of the Third Principal Meridian, South of the Decatur and Springfield road, as per plat recorded in the Recorder's Office in Book 149, page 102; and intending to convey said property in trust to secure the payment of said note, did on that day, by a mistake of the scrivener, convey the lands described as: Lot Five (5) also five (5) feet off the entire *west side* of Lot Six (6) of the Surveyor's Subdivision of all that part of the Southwest Quarter of the Northeast Quarter of Section Sixteen (16), Township Sixteen (16) North, Range Two (2) East of the Third Principal Meridian, South of the Decatur and Springfield road; that at the time of the conveyance said grantors had no interest in the west five feet of said Lot Six, but that it was mutually intended by the grantors and by the Millikin Trust Company that the east five feet of said Lot Six be described in said trust deed and conveyed; that in ignorance of the mistake the Millikin Trust Company filed said trust deed for record on February 6, 1917.

That said note and mortgage have been duly assigned and transferred to complainant for a valuable

consideration and are now held and owned by her; that $1,200 was paid on the principal on August 15, 1919, and that thereafter by agreement the time of payment was extended to February 2, 1932, and that there was a default in the payment of the principal and interest since August 2, 1931.

It is alleged that Alfred A. Cooper died testate June 22, 1923, seized of the premises intended to be mortgaged, and devised his real estate to Katie Cooper, his wife, for and during the term of her natural life, with power of sale of the fee of said lands, with remainder to his three sons, naming them.

It is alleged upon information and belief that Anna Young, and others named, have or claim an interest in the mortgaged premises or some part thereof.

Complainant prays that said trust deed may be reformed so as to truly describe said premises intended to be conveyed to secure such indebtedness and that the amount due be ascertained and that in default of payment of same the premises intended to be conveyed by the trust deed be sold.

Appellant filed her answer to said bill of complaint on October 5, 1933; all other defendants were defaulted and the cause was referred to the master in chancery of said court, who made a report and a decree *pro confesso* as against all of the defendants who entered by the court at the October term, A. D. 1933, thereof, which decree was vacated and set aside by the court at said same term on motion of appellee and the cause re-referred to the master.

Prior to the entry of the order of re-reference appellant filed an amended answer to said bill of complaint. In her amended answer she denies that the premises were misdescribed in the trust deed and denies that the premises intended to be conveyed should have been described as five feet off the entire east side of Lot six. Appellant further denies that

it was mutually intended that the east side of Lot six be described in said trust deed.

Appellant states in her answer that on May 12, 1924, she became the owner in fee simple and for a good and valuable consideration of that portion of the premises last described (in which description is included the five feet off of the east side of Lot six in dispute), and that she is now the owner thereof; that she had no knowledge or information that there was any pretended lien on said premises as alleged in the bill of complaint at the time, and prior thereto, that she purchased the same; that she immediately entered into possession of the same and built a valuable residence thereon.

The master in chancery after taking the testimony made his report, to which objections were filed by appellant and overruled by the master, and such objections were by the court ordered to stand as exceptions to said report and upon a hearing thereon they were overruled and a decree was rendered in which said trust deed was reformed and the amount due complainant ascertained and an order entered requiring the defendants to pay the same by a short day and in default thereof that the mortgaged premises including the five feet off of the east side of said Lot six which is owned by appellant be sold.

Among the errors relied upon by the appellant for a reversal of the decree are: That the decree is contrary to the law and the facts; that the court erred in decreeing a reformation of the trust deed after the legal and equitable rights of appellant had become established by reason of the fact that appellant purchased the premises in question without any record or actual notice of a mistake in said trust deed, and after appellant had paid a valuable consideration for said premises and built thereon an expensive home; that

the court erred in decreeing that the premises owned by appellant, Anna Young, should be sold.

It is incumbent upon a complainant to prove all of the material allegations contained in his bill of complaint by a preponderance of the evidence as to all defendants who are not in default. And when the reformation of a document is sought as in this case, it will not be granted upon a probability or upon a mere preponderance of the evidence but only upon evidence amounting to a certainty. It will not be granted upon evidence that is loose, equivocal or contradictory. The proof must be such as will strike all minds alike as being unquestionable and free from reasonable doubt. The authorities all require that parole evidence of the mistake and of the alleged modification must be of such a nature that the allegations are "established beyond a reasonable doubt." *Holbrook v. Tomlinson*, 304 Ill. 579–585.

"The rule has not only been announced but has been consistently adhered to in a long line of decisions in this State, that to justify the correction or reformation of a deed in equity the evidence must be of a very strong and convincing character that there was a mutual mistake by the parties in the respect alleged." *Anderson v. Stewart*, 281 Ill. 69.

Tested by the above rules it is clear that the relief prayed for cannot be decreed as against appellant. This trust deed was filed for record on February 6, 1917, and for over 10 years appellee failed to claim any interest in the land in question or assert any claim or title thereto. Appellant purchased the real estate of which the premises in question is a part on May 12, 1924, from the devisees of Alfred A. Cooper and paid $3,500 in cash for the same and built a house thereon and expended in all about $22,000 in the purchase and improvement of the same.

The evidence is undisputed that she purchased the same and acquired title thereto, without any knowl-

edge or information that there was any such lien on said premises in dispute as is alleged in the bill of complaint, and that she immediately entered into possession of the same and made valuable improvements thereon. The record in the case fails to show that any witness testified as to any act or words of either the mortgagors or mortgagee at the time the trust deed was made as to what property was to be conveyed thereby or any evidence as to any mutual mistake.

The only evidence offered by appellee as to the intention of the parties was by the witness, Colette Mowen, who testified she was deputy recorder of deeds and familiar with the records in that office and that she examined the trust deed of date February 2, 1917, from Alfred A. Cooper and Katie Cooper to the Millikin Trust Company for Lot five and also five feet off the west side of Lot six, and found the title to be in persons other than Alfred A. Cooper and wife, but found that said Alfred A. Cooper owned the east five feet of said Lot six and that she believed the intention of Alfred A. Cooper was to convey said five feet off of the east side of Lot six instead of five feet off of the west side of Lot six.

The evidence in the record falls far short of being sufficient to authorize a court of equity to reform said trust deed as against appellant who is a purchaser for value and without notice.

In cases of mistakes in written instruments as against bona fide purchasers for a valuable consideration without notice of the mistake, courts of equity will grant no relief. *Harms v. Coryell,* 177 Ill. 496, 504. The grantee in a trust deed is not entitled to relief against a mistake in description against a party who, for a valuable consideration, has purchased the property from the mortgagor without actual notice of such mortgagee's rights, unless they are in some manner chargeable with constructive notice thereof.

It is insisted by appellee that the recording of the trust deed in question was constructive notice to appellant and would put her upon inquiry and that she is not a purchaser for value without notice.

The record of a trust deed operates as constructive notice only so far as the property is correctly described, unless it is apparent from the record itself that there is a misdescription. *Slocum v. O'Day*, 174 Ill. 215; *Harms v. Coryell, supra.*

Appellee has failed to suggest any reason why the recording of the trust deed in question was such constructive notice as would put appellant upon inquiry as to what property was intended to be conveyed and we fail to find any.

No mistake was apparent from the record itself. The description was complete and there was nothing to indicate that anything was intended other than what was actually done. We are of opinion that the court erred in entering the decree reforming the trust deed in question and directing appellant to pay to complainant the amount found due and on failure to do so that the premises in question be sold.

In the view we take of the case it will be unnecessary to consider the other grounds urged by appellant for a reversal of the decree.

The decree of the circuit court of Macon county is reversed and the case remanded.

*Reversed and remanded.*