WM. AUPPERLE & SONS, INC., Plaintiff-Appellant, *v.* AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO *et al.*, Defendants-Appellees.

Third District   No. 78-66

Opinion filed August 7, 1978.

John F. Sloan, of Mathis, Sloan & Littler, of Peoria, for appellant.

Jay H. Janssen, of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Wm. Aupperle & Sons, Inc., a subcontractor for a construction project, appeals from the dismissal of a citation proceeding which had been filed against the project architect Daniel Comm & Associates, Inc. This litigation commenced in 1971 when plaintiff filed a complaint to foreclose a mechanics' lien for labor and materials furnished to construct an apartment building complex in Peoria. Defendants included Comm's

architectural firm; Clyde Construction Company, the general contractor; American National Bank as owner of record; and others. The trial court ruled that defendants were liable to plaintiff for $33,485.54 plus interest and that plaintiff was entitled to a mechanics' lien in that amount.

Defendants appealed from that order (docket no. 74-139), and this court ruled that lien waivers executed by plaintiff were a bar to the mechanics' lien claim for all amounts except $1,657. (*William Aupperle & Sons, Inc. v. American National Bank & Trust Co.* (3d Dist. 1975), 28 Ill. App. 3d 573, 329 N.E.2d 458.) We reversed the decree as to $31,801.54 and affirmed as to $1,657, and expressly declined to consider the validity of certain oral agreements for extra work since the amounts involved were subject to the lien waivers. We also stated:

> "Furthermore we are not precluding plaintiff from pursuing other remedies to enforce his claim. See *H. G. Wolff Co. v. Gwynne* [(1st Dist. 1927), 246 Ill. App. 86]." (28 Ill. App. 3d 573, 577, 329 N.E.2d 458, 462.)

Plaintiff's subsequent petition for leave to appeal was denied by the Illinois Supreme Court.

In 1977 plaintiff filed a motion in this court to recall part of the 1975 mandate on the ground that the appellate court had lacked jurisdiction of defendant American National Bank since the Bank did not file a notice of appeal. This motion was denied, and the Supreme Court of Illinois later denied plaintiff's petition for leave to appeal.

Next, plaintiff filed a citation to discover assets against Daniel Comm and Associates as a supplemental proceeding in the original foreclosure action. The citation recited that Comm was indebted to Aupperle in the sum of $33,485.54 plus interest for the judgment entered in that action. At the conclusion of a hearing on the citation, the trial court found that defendant Comm had tendered $2,255.19, representing $1,657 for the judgment and $598.19 as interest and costs, in full satisfaction of the judgment, but that plaintiff had refused to execute a release, therefor the citation was dismissed. After plaintiff's motion to vacate the dismissal order was denied, this appeal followed.

Plaintiff argues, first that the citation was a proper remedy to enforce the personal judgment of $30,144.54 which defendant Comm owed to plaintiff and, second, that the appellate court lacked jurisdiction over the Bank in the 1975 appeal.

Plaintiff contends that in its 1973 decree the circuit court found that defendants Comm and Clyde owed $31,801.54 to plaintiff for labor and materials and that plaintiff had a mechanics' lien in that amount against the apartment buildings belonging to the American National Bank which should be foreclosed if the debt was not paid within 60 days. Plaintiff then reasons that the earlier appeal reversed only part of the lien and did not

affect the validity of the underlying judgment; that the balance due of $30,144.54 is in the nature of a deficiency decree under section 19 of the Mechanics' Lien Act (Ill. Rev. Stat. 1977, ch. 82, par. 19); and that the citation proceeding was a proper means of enforcing plaintiff's claim.

The Mechanics' Lien Act, section 19, provides:

> "The court shall ascertain the amount due each lien creditor * * *. If, upon making sale under this act of any or all premises, the proceeds of such sale shall not be sufficient to pay all claims of all parties, according to their rights, the decree shall be credited by the amount of said sale and execution may issue in favor of any creditor whose claims is [are] not satisfied for the balance due as upon a deficiency decree in the foreclosure of a mortgage in chancery, and such deficiency decree shall be a lien upon all real estate and other property of the party against whom it is entered to the same extent and under the same limitations as a judgment at law * * *."

■■ As we interpret the statute, a creditor can have a deficiency decree only as to the balance of the secured debt which remains unpaid after the proceeds of the foreclosure sale have been distributed.

■■ Many jurisdictions permit a personal judgment to be entered in a foreclosure proceeding even though the lien fails. (See 53 Am. Jur. 2d *Mechanics' Liens* §419 (1970).) However, in the case at bar the prayer of the foreclosure complaint did not seek a general money judgment but only sought to foreclose the lien, and the decree of the court did not purport to award a personal judgment for the amount owed. Instead the order was in an alternative form, stating that defendant must pay the sum due within 60 days, or if that sum was not paid, a final decree of foreclosure would be entered. A decree in the alternative form is not enforceable as a money judgment against the owner and cannot be enforced by execution of other process against the person or general property of the owner. 26 Ill. L. & Prac. *Mechanics' Liens* §240 (1956). See also *Bumgartner v. Hall* (3d Dist. 1895), 64 Ill. App. 45, *aff'd* (1896), 163 Ill. 136, 45 N.E. 168.

■■ Furthermore, even if the circuit court decree were construed to be a personal judgment for the entire debt, any such judgment was vacated by our ruling in the previous appeal where we reversed as to $31,801.54 and affirmed as to $1,657. Accordingly, the citation was properly dismissed.

■■ Plaintiff's second contention is that, in the previous appeal, this court lacked jurisdiction to grant relief affecting defendant American National Bank because the Bank filed no notice of appeal and thus failed to meet the jurisdictional requirement under Supreme Court Rule 301 (Ill. Rev. Stat. 1977, ch. 110A, par. 301). On June 14, 1977, we denied plaintiff's motion to recall part of the mandate in case no. 74-139 after plaintiff

presented precisely the same arguments as are made here. Thus plaintiff is barred from again seeking review of the same question.

Even if this jurisdictional question were properly before us, we would deny plaintiff the relief sought. In order to do justice in the earlier cause, we had to determine the validity of the lien, and under the law we are empowered to make a complete adjudication of the issues involved in an appeal. (*Schatz v. Abbott Laboratories, Inc.* (1972), 51 Ill. 2d 143, 281 N.E.2d 323; Ill. Rev. Stat. 1977, ch. 110A, pars. 218(a), 366(a).) Additionally, all of the parties of record in the circuit court are still parties of record in the appellate court, even those who do not join in the appeal. (*Carpenter v. Young* (3d Dist. 1935), 280 Ill. App. 116.) In *Carpenter* a foreclosure decree against 10 defendants was reversed upon an appeal brought by one defendant.

Plaintiff relies on *Case International Co. v. American National Bank & Trust Co.* (1st Dist. 1974), 18 Ill. App. 3d 297, 309 N.E.2d 750, where the appellate court lacked jurisdiction of certain issues sought to be raised by a defendant who had not filed a notice of appeal or cross-appeal. However, there the defendant was attempting to attack the trial court judgment as an appellant, while the Bank has made no such attempt in this case. *Mid-West National Bank v. Metcoff* (2d Dist. 1974), 23 Ill. App. 3d 607, 319 N.E.2d 336, also cited by plaintiff, is similarly distinguishable because there the appellee sought to have the judgment modified without having filed a cross-appeal. We can see no merit in plaintiff's contention, and therefore we decline to modify our previous decision.

For the reasons stated, we affirm the order of the Circuit Court of Peoria County.

Affirmed.

BARRY, P. J., and STOUDER, J., concur.