THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSE RODRIGUEZ, Defendant-Appellant.

First District (2nd Division)   No. 82—1786

Opinion filed November 22, 1983.

Peter B. Carey, of Joyce and Kubasiak, of Chicago (Leland Shalgos, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Lawrence R. Stasica, and Kip R. Owen, Assistant State's Attorneys, of counsel), for the People.

JUSTICE STAMOS delivered the opinion of the court:

Following a bench trial, defendant, Jose Rodriguez, was convicted of possession of a controlled substance (Ill. Rev. Stat. 1981, ch. 56½,

par. 1402) and sentenced to an 18-month period of probation. He contends on appeal that the trial court erred in quashing subpoenas which sought the production of documents relating to statements contained in an affidavit in support of a search warrant.

After the execution of a search warrant at their residence, defendant and his wife, Ida Rios, were charged with certain offenses involving controlled substances. The application of the search warrant was supported by the affidavit of Officer Clifford Berti, which contained the following representations regarding the reliability of an anonymous informant:

> "I, Clifford Berti, a police officer for the City of Chicago for the last 15 years had occasion on 24 March '81 to meet with a reliable informant at the corner of Pulaski and Lawrence. I have known this informant for a period of 3 months and during this time he has provided me with information which has resulted in 3 Narcotic raids with 3 arrests. In all these raids Controlled Substances were recovered and submitted to the CPD Crime lab for analysis with positive results. All of these cases are still pending in Court."

The affidavit further related that the informant told Officer Berti that he had just left defendant's residence at 4016 West Belle Plaine in Chicago, where he purchased cocaine from a woman named Ida Rios.

The search warrant was issued that same day, and at 1 p.m. Officer Berti and five other officers conducted a search of defendant's residence. There they found a quantity of cocaine and marijuana, $25,000 and two weapons. The police then arrested defendant and Ida Rios, who arrived at the house while the search was being conducted.

Prior to trial, defense counsel caused *subpoenas duces tecum* to be served upon the keeper of the books and records of the Chicago Police Department, Detective Clifford Berti and the commanding officer of the Organized Crime Division of the Chicago Police Department, seeking production of the following documents:

> "(1) Copies of all search warrants and relevant affidavits made by Detective Berti between January 1, 1979, and March 25, 1981;
>
> (2) Copies of all documents, reports, etc., relevant to any narcotic raids conducted by Detective Berti between December 1, 1980, and March 25, 1981;
>
> (3) Copies of all documents, police reports, etc., relating to any cases pending in the Circuit Court of Cook County where individuals were arrested by Detective Berti between December 1, 1980, and March 25, 1981; and

(4) Copies of all documents, reports, etc., relating to the Chicago Police Department Crime Labs analysis of any narcotics seized by Detective Berti during raids which resulted in arrests between December 1, 1980, and March 25, 1981."

Defense counsel also caused a *subpoena duces tecum* to be served upon the Felony Review Division of the Cook County State's Attorney's office seeking copies of all search warrants and relevant affidavits made by Detective Clifford Berti between January 21, 1979, and March 25, 1981.

The subpoenas were intended to ascertain the existence of any documents which would substantiate Officer Berti's representations regarding the reliability of his anonymous informant. At the court's invitation, defense counsel filed a motion in support of compliance of the subpoenas. Attached to the motion were the affidavits of defendant and Ida Rios denying the facts contained in Officer Berti's affidavit concerning the sale of narcotics to his informant on May 24, 1981. To substantiate her claim that she could not have made a narcotics sale on that date, Ida Rios attached to her affidavit various receipts and sales slips to establish her whereabouts that morning. The earliest receipt was from a doctor's appointment scheduled for 10 a.m.

The trial court granted the State's motion to quash the subpoenas on the grounds that defendants failed to make a substantial preliminary showing that Officer Berti made false statements in the affidavit supporting the search warrant.

Defendant's sole contention on appeal is that the trial court erred in granting the State's motion to quash the subpoena.

Prior to the United States Supreme Court decision in *Frank v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, Illinois law prohibited a defendant from impeaching the veracity of the sworn statement upon which the search warrant was issued. (*People v. Born* (1983), 113 Ill. App. 3d 449, 447 N.E.2d 426; *People v. Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 341, *cert. denied* (1970), 400 U.S. 882, 27 L. Ed. 2d 121, 91 S. Ct. 117.) In *Franks v. Delaware*, the court held that an absolute rule banning post-search impeachment of veracity is not justified and that under certain circumstances such impeachment must be permitted. The court then announced the following limited exception to the rule:

"[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amend-

ment requires that a hearing be held at the defendant's request." (438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676.)

To mandate an evidentiary hearing, the defendant's attack must be more than conclusional and must be supported by more than a mere desire to cross-examine the affiant. The court further stated that it is the veracity of the affiant, not that of the informant, which is subject to impeachment.

Defendant admits that he is unable to make the substantial preliminary showing of falsity required to obtain an evidentiary hearing under *Franks v. Delaware*. However, he argues that where there is some evidence that the affidavit in support of the warrant contains deliberate falsehoods, a defendant should be allowed reasonable use of the discovery process in order to determine whether there is a basis for challenging the validity of the warrant.

It has been recognized that without some discovery, a *Franks* claim regarding the existence or reliability of an anonymous informant may be difficult, if not impossible, to prove. (*United States v. Dorfman* (N.D. Ill. 1982), 542 F. Supp. 345.) However, the *Dorfman* court stated that in light of the presumption of validity with respect to the affidavit supporting the search warrant, disclosure should not be routine. Instead, some preliminary showing overcoming the presumption should be required.

In our view, defendant in the case at bar has failed to make any showing whatsoever that Officer Berti's statements concerning the existence or reliability of his anonymous informant were deliberate falsehoods. The affidavits of defendant and his wife constitute no more than a general denial of the narcotics sale. The sales receipts attached to the affidavit of Ida Rios do not substantiate her whereabouts prior to 10 a.m. on the morning of the sale and therefore are of little value. In fact, nothing in the affidavits can be construed as a showing that Officer Berti lied about the reliability of the informant. Under these circumstances, defendant's attempt to compel the police department and the State's Attorney's office to produce documents relating to Berti's representations concerning his informant amounts to a mere "fishing expedition." Besides producing a substantial burden upon the departments having to produce the requested documents, use of the discovery process in this manner could open the door to potential abuse as a dilatory tactic. Therefore, we believe the trial court acted properly in quashing the subpoena.

Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request that defendant be assessed $50 as

costs for the State's defending this appeal and incorporate it as part of the judgment.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

DOWNING, P.J., and HARTMAN, J., concur.