THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT E. O'TOOLE, Defendant-Appellee.
Second District   No. 2—86—0904

Opinion filed December 18, 1987.—Rehearing denied January 21, 1988.

24

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner and Judith M. Pietrucha, Assistant State's Attorneys, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Dominick P. Dolci, of Oakbrook Terrace, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The State appeals from the trial court's order allowing an evidentiary hearing pursuant to *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, and granting the motion to suppress evidence against the defendant, Robert O'Toole. Defendant was charged with possession and possession with intent to deliver 500 grams of cannabis (Ill. Rev. Stat. 1985, ch. 56½, pars. 704(e), 705(e)), which was seized from his home pursuant to a search warrant. The trial court found that the defendant showed by a preponderance of the evidence that perjury or reckless disregard for the truth was used in obtaining the affidavit in support of the complaint for search warrant. The State contends that (1) the trial court erred in compelling it to divulge the exact time the meeting took place between the unidentified informant and defendant, (2) the trial court abused its discretion in ordering an evidentiary hearing where the defendant failed to challenge sufficiently the affiant's claim that he met with defendant on November 16, 1985, and (3) even after excising the time of the alleged meeting, the affidavit still established probable cause to search defendant's premises.

The search warrant in the present case was issued on November 18, 1985, pursuant to the sworn statement of an unnamed informant, John Doe. The complaint for search warrant, which is only summarized here, stated in detail that on November 16, 1985, the informant met with the defendant at the defendant's home in Elmhurst, Illinois, and discussed the purchase of an ounce of cocaine. The affiant observed leafy plant material on a table in defendant's kitchen, five bags of white powder, and a .45 caliber automatic machine gun in an upstairs closet near defendant's bedroom. The affiant purchased one bag of the white powder for $1,600, and defendant promised to sell the affiant as much as he wanted, indicating that he stored cocaine in his garage at the same address. Pursuant to these statements, a search warrant was issued and executed on November 18, 1985. A search of defendant's premises uncovered 12 plastic bags, each containing approximately one pound of marijuana, one plastic bag with bricks of cannabis, and two triple beam scales.

On February 10, 1986, defendant moved for additional discovery, requesting the name and address of the affiant and the time of the alleged meeting set forth in the complaint for search warrant. Over the State's objections, the court ruled that the State would have to provide defendant with the time of the alleged meeting. The State re-

vealed that the meeting occurred at approximately 3 p.m. The court allowed the State additional time to verify its response, but the State adhered to the allegation that the meeting took place at 3 p.m. on November 16, 1985.

On May 9, 1986, defendant moved to quash the warrant and suppress any evidence, arguing that the search warrant was obtained based on a reckless disregard for the truth, since defendant could prove that he did not meet the affiant at his home on November 16 at 3 p.m. Testimony and affidavits the defendant presented established that defendant was with Steve Marks and Ken Knudson between 11 a.m. and 5 p.m. that day. Based on this evidence, the trial court found that the defendant had made a preliminary showing entitling him to an evidentiary hearing to determine if perjury or reckless disregard for the truth were used in obtaining an affidavit in support of the search warrant.

The State objected to the holding of an evidentiary hearing and refused to participate. After the court considered the evidence presented by the defendant, which consisted of the testimony and affidavits of the defendant, Ken Knudson, and Steve Marks, the court determined that the defendant sufficiently refuted the allegations set forth in the complaint for search warrant and quashed the warrant and suppressed the evidence seized pursuant to the warrant. The State certified that the court's ruling had substantially impaired its ability to prosecute the case and appealed.

■ The State contends that the trial court erred in compelling it to reveal the time of the alleged meeting. Defendant asserts that this issue is not properly before the reviewing court because it was not included in the notice of appeal which referred to the order granting the *Franks* hearing and the order suppressing evidence. We conclude that we have to resolve this issue, which the State argued before the trial court and briefed on appeal, in order to do justice to the State's claim that an evidentiary hearing was unwarranted. Under the law, we are empowered to make a complete adjudication of the issues involved in an appeal. *Comet Casualty Co. v. Holloman* (1983), 113 Ill. App. 3d 271, 273; *William Aupperle & Sons, Inc. v. American National Bank & Trust Co.* (1978), 62 Ill. App. 3d 842, 846.

The State contends that the veracity of the complaint for search warrant should be judged on its face rather than by way of additional discovery. The issue presented appears to be one of the first impression in Illinois and not reached by the decision in *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674. In *Franks*, the Supreme Court held that, while there is a presumption of validity

with respect to the affidavit supporting a search warrant, a defendant may attack the validity of the warrant where he makes a substantial preliminary showing that the affiant, knowingly and intentionally or with reckless disregard for the truth, included a false statement in the warrant's affidavit. If the false statement is integral to the probable cause determination, the fourth amendment would require a hearing be held at the defendant's request.

Courts have recognized that a defendant may be unable to make the substantial preliminary showing of falsity required to obtain an evidentiary hearing under *Franks* without reasonable use of the discovery process. Without some discovery, a defendant may not be able to determine whether there is a basis for challenging the validity of the warrant. (*People v. Rodriguez* (1983), 119 Ill. App. 3d 575, 578.) According to Professor Wayne LaFave, "it is seriously to be doubted whether it is constitutionally permissible simultaneously to impose the full burden of proof on the defendant and withhold from him facts critical to meeting that burden." (W. LaFave, Search and Seizure §4.4(d), at 204 (2d ed. 1978).) However, *Franks* clearly indicates that an attack on an affidavit cannot be supported by a mere desire to cross-examine the affiant.

In *People v. Rodriguez* (1983), 119 Ill. App. 3d 575, defendant contended that the trial court erred in quashing subpoenas which sought the production of documents relating to statements contained in an affidavit in support of a search warrant. The documents might have afforded the defendant with evidence that would entitle him to a *Franks* hearing. The court found that defendant's request to produce amounted to a "fishing expedition." (*Rodriguez*, 119 Ill. App. 3d at 578.) The court concluded that, besides producing a substantial burden on the State, the use of the discovery process in this manner could open the door to potential abuse as a dilatory tactic. *Rodriguez*, 119 Ill. App. 3d at 578.

In *People v. Freeman* (1984), 121 Ill. App. 3d 1023, 1028-30, while the court recognized that the existence or reliability of an anonymous informant may be difficult to prove without discovery, it nevertheless held that, under *Franks*, some kind of preliminary showing would be necessary before it would order the State to disclose the identity of the informant whose affidavit supported the complaint for search warrant. The court determined that a defendant had the burden of a showing less substantial than that required for an evidentiary hearing before disclosure would be warranted. With this showing, the court in its discretion balanced the weighty countervailing interests. The court concluded that disclosure was unwarranted where defendant only

demonstrated that an informer lied to the issuing judge about his identity.

In our judgment, the trial court abused its discretion in ordering the State to divulge the time of the alleged meeting, and, thereafter, allowing an evidentiary hearing. Defendant submitted no reasons whatsoever in support of his discovery requests regarding the underlying affidavit. Under the *Freeman* rationale, defendant has not met his burden of proof, however insubstantial, and the presumption that the affidavit is valid remains unrebutted. Defendant had not argued any justifications that the mention of the date in the search warrant was inadequate or made a preliminary showing impossible. Accordingly, we conclude that the court abused its discretion in ordering the State to reveal the time of the meeting.

Additionally, we conclude that, as was similarly pointed out in *Rodriguez*, attempts to elicit further facts not contained in the affidavit in this case without an initial showing of necessity amounts to a fishing expedition by the defendant and opens the door to potential abuse.

Having decided that the time of the alleged meeting was erroneously disclosed, we determine that the defendant's presentation of an alibi no longer contradicted the affidavit for search warrant. Thus, no evidentiary hearing should have been held and no evidence suppressed. Defendant has the burden of demonstrating untruths exist. (*People v. Abata* (1985), 136 Ill. App. 3d 57, 61.) Defendant could only account for the time period of 11 a.m. to 5 p.m. on November 16, 1985. The complaint for search warrant alleged a meeting occurred on November 16, 1985. Defendant has not shown that the affiant lied since the possibility exists that he met with him before 11 a.m. or after 5 p.m. Therefore, defendant did not address the allegations he was supposed to refute, so an evidentiary hearing should have been denied. *People v. Born* (1983), 113 Ill. App. 3d 449, 457.

In light of our holding, we do not consider the State's additional arguments that the defendant failed to refute the affidavit by denying that he sold any drugs on November 16, 1985, and that if defendant showed no meeting occurred at 3 p.m., probable cause still existed to search his premises. We note, however, that in *People v. O'Neill* (1985), 135 Ill. App. 3d 1091, the court held that where the State perpetrated a fraud on the court but the trial court improperly granted a *Franks* hearing, it would not simply disregard the fraud since the hearing should not have taken place. In *O'Neill*, unlike the situation here, an officer's fraudulent affidavit represented misconduct that was an abuse of the court's process. Here, no portion of the

affidavit has been shown to be false, and only the State's indication of the time of the meeting was contradicted. As we previously mentioned, no proof or indication exists that no meeting for the sale of drugs took place. Therefore, in reversing the resulting suppression order, we have not ignored fraud.

Accordingly, the trial court's order of suppression is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

LINDBERG P.J., and INGLIS J., concur.