THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PETER A. HOYE, Defendant-Appellee.

Second District    No. 2—99—0362

Opinion filed March 9, 2000.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Jeffrey B. Fawell, of Fawell & Fawell, of Wheaton, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Peter A. Hoye, was charged with unlawful possession of cannabis (720 ILCS 550/4(e) (West 1998)), unlawful possession of cannabis with intent to deliver (720 ILCS 550/5(e) (West 1998)), and possession of a firearm without a firearm owner's identification card (430 ILCS 65/2(a)(1) (West 1998)). The charges followed a search, pursuant to a warrant, of defendant's house and garage. The complaint for the search warrant was supported by two affidavits, one from a confidential informant and the other from a police officer.

Defendant moved to quash the warrant and suppress the evidence seized thereto, alleging that the complaint for the warrant was tainted by various false statements in the affidavits. The trial court held an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). After the hearing, the trial court found that the confidential informant knowingly included false information in her affidavit. The trial court granted defendant's motion, and the State appeals (see 145 Ill. 2d R. 604(a)(1)).

On appeal, the State argues that *Franks* limits the grounds for impeaching the veracity of a warrant to false statements by a governmental affiant and does not apply here, where all the false statements were made by a nongovernmental informant. Defendant replies that *Franks* makes no distinction between governmental and nongovernmental affiants. We affirm.

The facts are these. On May 20, 1998, Judge Donald Hudson issued a warrant to search defendant's home and garage for specified items that had been used in or were evidence of the unlawful possession of cannabis. In the complaint for the warrant, Inspector Lance Klingler, a St. Charles police officer assigned to the North Central

Narcotics Task Force (Task Force), stated that he had reasonable grounds to believe that the residence and garage contained various specified items that were used in or were evidence of the offense of unlawful possession of cannabis. The complaint attached two affidavits.

The first affidavit was from "Jane Doe," who swore to the following allegations. Doe had known defendant for more than two years and knew he had dealt marijuana and cocaine in the past, including "numerous transactions" Doe had witnessed. Within the last 48 hours, Doe had visited defendant's residence and had seen a white upright refrigerator that stood on the left side of the garage near the back. She saw that, inside the refrigerator, there were eight Aldi grocery bags, from which emanated an odor that she recognized as marijuana. Doe looked into one bag and saw four freezer bags containing a plant-like material. She opened one of the bags and recognized the contents as marijuana. She picked up some of the substance and confirmed that it was marijuana.

Klingler's affidavit states that, on May 20, 1998, he met with "Jane Doe," who advised him that defendant, whom she described in some detail, was keeping cannabis in his residence at 5N250 Bluff Drive in St. Charles. Klingler's affidavit also states that he was "given information from J. Doe, which is contained in a separate, attached affidavit. See the attached affidavit by J. Doe." According to the rest of his affidavit, Klingler followed up the talk by checking official records and discovering that defendant lived at the address Doe had given. Klingler also made an inquiry that revealed that defendant had earlier been arrested on a controlled substances charge.

Defendant's motion to quash attached affidavits from his daughter, his wife, and himself. Each affidavit stated that the affiant had lived at the Bluff Drive address for about eight years and that the affiant recognized the signature on the "Jane Doe" affidavit as that of Jamey Knight, defendant's ex-wife and his daughter's mother. All stated that Knight was not in the house or garage on May 20, 1998, or within 48 hours before that date; that Knight had never been in the house or the garage; and that there had never been a refrigerator in the area of the garage where Knight had claimed she saw one. All three affiants stated that defendant had never dealt drugs or sold cocaine or marijuana to anyone. Defendant's wife and daughter stated that they had never seen marijuana stored in Aldi bags in the garage, and defendant stated that he did not store any marijuana in Aldi bags in a refrigerator in the garage.

The trial court ruled that defendant had made a sufficient preliminary showing for a *Franks* hearing. The parties stipulated that

defendant's three witnesses would testify consistently with their affidavits. The State called Knight and Klingler, but Knight invoked her right against self-incrimination and did not testify.

Klingler testified as follows. After the Du Page Metropolitan Enforcement Group brought Knight to the attention of the Task Force, Klingler and Knight met. Knight personally provided Klingler with information that led him to believe that defendant was involved in drug dealing. The information she gave him was that set forth in her "Jane Doe" affidavit. After meeting with Knight, Klingler verified defendant's address. When Klingler completed the application for the search warrant and obtained the warrant, he had no reason to doubt the veracity of anything Knight had told him. Klingler had no independent information that defendant was engaged in any criminal activity.

The parties proceeded to argument. Defendant asserted that the evidence showed that Knight had knowingly made false statements in her affidavit and that, absent these statements, the allegations in the warrant affidavits did not demonstrate probable cause for the search. The State responded that, under *Franks*, Knight's affidavit was not subject to impeachment because she was not a governmental agent. The trial judge agreed with defendant and granted defendant's motion. The State timely appealed.

On appeal, the State asserts that this case turns on a pure question of law: whether *Franks* allows a defendant to challenge a search warrant where a confidential informant, rather than a police officer or governmental agent, provides an affidavit that contains false statements. The State urges that the deterrent purposes of *Franks* limit its reach to police or official misconduct.

We note that the State does *not* assert that, absent Knight's affidavit, the warrant application would support a finding of probable cause. The State does not claim that Inspector Klingler could or did swear out a factually sufficient and nonperjurious affidavit containing information that Knight told him out of court. Although an officer's affidavit may survive a *Franks* challenge even if it incorporates and relies on false information supplied by a dishonest private informant (see *Franks*, 438 U.S. at 171, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684), the State does not assert that Klingler's affidavit fits this rule. It appears that the State did not rely on this theory at the trial level. Therefore, here, we decide only whether the trial court erred in holding that *Franks* allows a challenge to the veracity of a private informant's affidavit. We hold that the trial court did not err.

The State asserts this is an issue of first impression in Illinois. However, we actually decided the very same question some years ago in a case neither party cites. In *People v. Born*, 113 Ill. App. 3d 449

(1983), the sole affiant was a private individual. The defendant claimed the affidavit lacked veracity. The trial court denied the defendant an evidentiary hearing, ruling that *Franks* does not apply to affidavits by nongovernmental informants.

Although this court ultimately affirmed the trial court's judgment on other grounds, we held that *Franks* does apply where the affiant is a confidential informant rather than a governmental official. We recognized generally that *Franks* gives a defendant a limited opportunity to impeach the veracity of the affidavit supporting a warrant and specifically that *Franks* does not allow a defendant to impeach a police officer's affidavit by attacking the veracity of an unsworn informant on whom the officer relied. *Born*, 113 Ill. App. 3d at 452-53. However, we distinguished this situation from one in which the confidential informant is *himself* the affiant. *Born*, 113 Ill. App. 3d at 453, citing *Franks*, 438 U.S. at 171, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684. We observed that *Franks* does not appear to distinguish between governmental affiants and private affiants. *Born*, 113 Ill. App. 3d at 453. Also, we noted that, in a case involving only a private affiant, the Supreme Court vacated an opinion of our appellate court and remanded the cause for reconsideration in light of *Franks*. See *Born*, 113 Ill. App. 3d at 453-54, discussing *People v. Hall*, 45 Ill. App. 3d 469 (1977), *vacated & remanded*, 438 U.S. 912, 57 L. Ed. 2d 1157, 98 S. Ct. 3138 (1978).

*Born* is still good law and we see nothing in *Franks* or in decisions after *Born* that would cause us to deviate from our holding. As *Born* clearly controls this case, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

McLAREN and RAPP, JJ., concur.