THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DONNIE CREAL, Defendant-Appellee.

Third District   No. 3—08—0606

Opinion filed May 19, 2009.

James Glasgow, State's Attorney, of Joliet (Domenica A. Osterberger (argued), Assistant State's Attorney, and Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Charles E. Thomas (argued), of Joliet, for appellee.

JUSTICE CARTER delivered the opinion of the court:

The defendant, Donnie Creal, was arrested for unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(C) (West 2006)) and unlawful possession of cannabis with intent to deliver (720 ILCS 550/5(e) (West 2006)). Prior to trial, he filed a motion pursuant to *Franks v. Delaware*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978), challenging the veracity of confidential informant Pat Doe and a motion seeking discovery of the date and time that Doe claimed to be present at the defendant's residence. The court ordered the State to disclose the date and a three-hour time frame in which Doe was present at the residence. The State refused to comply with the order, and the court dismissed the charges against the defendant. The State appeals, claiming that the court erred by ordering the disclosure. We reverse and remand for further proceedings.

## FACTS

On February 20, 2008, Officer Mark Lauer of the Joliet police department appeared before a circuit court judge and presented a

complaint for a search warrant. In that complaint, Lauer stated that, within seven days prior to signing the complaint, he had spoken to a confidential informant, Pat Doe. Doe informed Lauer that within the past seven days he or she had been inside the residence of 707 Nicholson Street in Joliet, which Doe described as a brown and brick, single-story, single-family residence. Doe also informed Lauer that he or she knew the defendant by name and physical description. Doe described the defendant and identified him from a photograph.

While at this residence, Doe saw cocaine packaged in a clear plastic bag. The defendant told Doe that the cocaine belonged to the defendant and that he was selling cocaine. Doe also informed Lauer that he or she had seen the defendant sell cocaine for money in the past. Lauer also stated that he viewed the residence at 707 Nicholson Street in Joliet and observed that it was a brown and brick, single-story, single-family residence. From police records, Lauer verified that the defendant lived at that residence.

The complaint also stated that Lauer and Doe appeared before a judge and swore under oath that all statements in the complaint are true. The complaint was signed by Lauer before a circuit judge. Pat Doe also signed an affidavit before the judge. In this affidavit, Doe stated that he or she wishes to conceal his or her identity because of fear of reprisal from the defendant. Doe also stated that the representations in Lauer's warrant complaint were true. Finally, the affidavit provided that Doe appeared personally before the judge and identified himself or herself. The judge granted the search warrant.

The search warrant was executed on February 21, 2008. Numerous articles were seized, including cocaine and cannabis. Subsequently, the defendant was charged with unlawful possession of a controlled substance with intent to deliver and unlawful possession of cannabis with intent to deliver.

The defendant moved for a hearing pursuant to *Franks*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, to quash the search warrant and suppress the evidence seized during the execution of the warrant. In that motion, the defendant claimed that there was not anyone at his home, other than the inhabitants, during the seven days preceding February 21, 2008, and that he did not show anyone cocaine during that time. Based upon these assertions, the defendant alleged that Lauer made false statements either knowingly or in reckless disregard for the truth in the search warrant complaint.

Supporting this motion, the defendant provided three affidavits. In his own affidavit the defendant stated that he lived at 707 Nicholson Street in Joliet with his girlfriend, Quiana Cochran; her four minor children; and Anton Moore. On February 13, 2008, Cochran

telephoned the defendant to inform him that she had read a newspaper article regarding the arrest of numerous members of a local narcotics distribution network the previous day. The defendant stated that he recognized the names of several of those who had been arrested. The defendant suspected that some of the arrestees would choose to cooperate with law enforcement, and he was concerned that one of them would provide the defendant's name to law enforcement officials. Thus, the defendant decided on February 13, 2008, to prevent anyone other than the previously named inhabitants from entering his residence. The defendant did not allow any other adult into the home from February 12, 2008, through February 21, 2008, nor did he show anyone cocaine or any other illegal substance at his home during that period.

In addition, the defendant provided his weekday schedule during February 2008. He awoke at 10 a.m. and then played video games and watched television until approximately 1:50 p.m. From 1:50 p.m. until 3:30 p.m., he picked up the children from school and helped them with their homework. At 3:30 p.m. to 4 p.m., he fed the children a snack. After that, he and the children performed household chores until 5 p.m. From 5 p.m. to 6 p.m., he made arrangements for dinner.

On February 14, 2008, the defendant and Cochran went to a concert together in Chicago and returned after midnight. On February 17, 2008, the defendant, Cochran and the children went to a family birthday party from 4:30 p.m. until 9 p.m. On Sunday, February 18, 2008, the defendant spent the day at home with Cochran and the children.

Quiana Cochran stated in her affidavit that she and her children lived at the residence with the defendant and Anton Moore. During February 2008, Cochran was employed as an insurance salesperson. Cochran had a fax machine, computer and printer at the residence to use while working out of her home. She worked from home from February 12, 2008, through February 21, 2008. Cochran also stated that her cell phone records show that she made or received dozens of phone calls each day during that period, beginning in the morning and ending late in the evening. Cochran stated that she would not have made the personal calls on her cell phone if she had been at her office in Orland Park. She also stated that many of these calls were the use of the phone as an intercom to call the defendant within the residence.

On February 13, 2008, at approximately 10:24 a.m., Cochran telephoned the defendant from a gas station. She told him that she had read a newspaper article regarding the arrest of local drug dealers. She recognized several names as former friends of the defendant. The defendant informed her that he was forbidding any visitors to

their home. From February 13, 2008, through February 20, 2008, Cochran did not see or hear anyone in the residence other than its inhabitants. Finally, Cochran stated that she was not the confidential informant.

Anton Moore stated that from February 12, 2008, through February 21, 2008, he lived at the defendant's residence, and he was unemployed. During this period, he spent most of his time at the residence. He seldom left the home, and if he did, it was for a short time. Moore did not see or hear anyone in the residence during this time period, except for the regular inhabitants. Moore also stated that he was not the confidential informant.

The State filed a response to the defendant's motion, arguing that the defendant had failed to make a substantial showing that Lauer knowingly or recklessly included a false statement in his warrant affidavit. The State maintained that the defendant was not entitled to a hearing under *Franks*. The defendant then filed a motion entitled "Bill of Particulars," which the parties later agreed was a motion for discovery. The defendant requested that the State provide him with the date and time the informant asserts he or she was at the defendant's residence. The defendant requested this information to "further verify" his assertion that no one other than the residents were inside his home during the relevant seven-day period. On June 24, 2008, the defendant filed an amended motion for a *Franks* hearing, adding a claim that Pat Doe knew the information that he or she provided to Lauer was false when Doe provided the affidavit swearing that the information was true.

The court held a hearing on the defendant's request for discovery on June 20, 2008. The court heard argument from both parties and took the matter under advisement. On June 25, 2008, the court granted the defendant's discovery request and ordered the State to provide the defendant with the date and three-hour time span when Pat Doe claimed to have been inside the defendant's residence.

The State subsequently filed a motion to reconsider, arguing that the ordered discovery was irrelevant to the defendant's challenge to the search warrant under *Franks*. The court denied the motion to reconsider.

On July 22, 2008, the parties appeared before the court for a status hearing on the discovery order. At that hearing, the State informed the court that it believed that turning over the information would probably lead to the identification of the informant and that it was not going to comply with the order. The court then instructed defense counsel to prepare a rule to show cause to hold the assistant State's Attorney in contempt for failing to comply with the discovery order. In

addition, the defendant filed a motion to dismiss based on the State's refusal to comply with the discovery order.

The court held a hearing on the petition for a rule to show cause on July 25, 2008. The State reiterated its position that it would not provide the time frame in which Pat Doe claimed to have been in the defendant's residence. The parties also informed the court that the defendant had filed a motion to dismiss approximately two days before the hearing. The court scheduled a hearing on the motion to dismiss. At that hearing, the court reviewed case law and concluded that it was proper to dismiss the charges against the defendant. The State appealed.

## ANALYSIS

On appeal, the State claims that the trial court erred by awarding to the defendant discovery of the date and three-hour time frame in which Pat Doe was present in the defendant's home. The State argues that *Franks* does not apply to the facts of this case because the defendant is attacking only Doe's veracity, not that of Lauer, and Doe appeared before the judge who granted the search warrant and swore to the truth of the statements contained in the warrant complaint. In addition, the State contends that the defendant has failed to make a sufficient showing that the affidavits contained a falsehood, as required to support his discovery request. The State also maintains that the ordered disclosure of the three-hour time period in this case would be akin to disclosing the informant's identity, to which the defendant is not entitled. Finally, the State argues that an *in camera* review of the ordered disclosure would have been meaningless.

The defendant argues that he made a sufficient showing that Doe lied and that he was entitled to the ordered discovery. In addition, the defendant contends that he may challenge Doe's veracity because Doe also supplied an affidavit supporting the warrant complaint, and that the warrant should be quashed due to Doe's false statements. Further, the defendant maintains that the court could have considered *in camera* the information that it ordered disclosed.

■ A trial court's discovery order is reviewed for an abuse of discretion. *Wisniewski v. Kownacki*, 221 Ill. 2d 453, 457, 851 N.E.2d 1243, 1245-46 (2006); *People v. O'Toole*, 164 Ill. App. 3d 23, 28, 517 N.E.2d 333, 335 (1987). A defendant is not entitled to discovery related to a search warrant affidavit simply because it appears relevant. *People v. Torres*, 200 Ill. App. 3d 253, 261, 558 N.E.2d 645, 650-51 (1990). When requesting discovery related to a search warrant affidavit, a defendant "must offer some showing that there is reason to believe the affiant made a deliberate or reckless falsehood." *Torres*, 200 Ill. App. 3d at 261, 558 N.E.2d at 651.

■ The defendant in this case sought the ordered discovery in order to advance his attack on the search warrant pursuant to *Franks v. Delaware*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). In *Franks*, the United States Supreme Court considered whether a defendant could challenge the truthfulness of statements made in an affidavit supporting a search warrant. *Franks*, 438 U.S. at 155, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676. The Court concluded that such challenges were permissible in certain, limited circumstances. *Franks*, 438 U.S. at 171-72, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684-85. The Court held:

> "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 155-56, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676.

If the defendant establishes perjury or reckless disregard for the truth at the hearing, that false material must be excised from the warrant affidavit. *Franks*, 438 U.S. at 156, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676. If the remaining contents of the affidavit are insufficient to establish probable cause, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks*, 438 U.S. at 156, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676.

The defendant's attack on the affidavit "must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks*, 438 U.S. at 171, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684. Furthermore, *Franks* only permits a challenge to the deliberate falsity or reckless disregard for the truth by the affiant, not by a nongovernmental informant. *Franks*, 438 U.S. at 171, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684.

In *People v. Lucente*, 116 Ill. 2d 133, 148, 506 N.E.2d 1269, 1275 (1987), unlike *Franks*, the information in the officer's warrant affidavit was based entirely on information from a confidential informant. Concerned that in such a case a defendant could not interview the informant to determine whether an officer lied in his affidavit, the Illinois Supreme Court concluded that in some circumstances a claim that someone lied, either informant or officer, may establish a preliminary showing under *Franks*. *Lucente*, 116 Ill. 2d at 148-50, 506 N.E.2d at 1275-76. A determination as to whether there has been a substantial preliminary showing in a given case "must be based upon a careful balancing of the statements in the warrant af-

fidavit versus those in support of the defendant's challenge to the warrant." *Lucente*, 116 Ill. 2d at 152, 506 N.E.2d at 1277. At the hearing stage, however, the defendant must prove that the officer intentionally lied or acted with reckless disregard for the truth. *Lucente*, 116 Ill. 2d at 150, 506 N.E. 2d at 1276.

■ The State contends that the defendant failed to establish that discovery was warranted here because the defendant did not make a sufficient showing of a *Franks* challenge. See *Torres*, 200 Ill. App. 3d at 261, 558 N.E.2d at 651. In his motion and its accompanying affidavits, the defendant claims that Doe was lying when he or she stated that he or she was present in the defendant's home in the seven days preceding the date of the search warrant. The defendant challenges solely the veracity of Doe's statements, not those of Officer Lauer. Unlike *Lucente*, the defendant's alibi claim does not raise a question that Lauer intentionally lied in the warrant complaint regarding Doe's statements or as to Doe's existence. *Lucente*, 116 Ill. 2d at 148-49, 506 N.E.2d at 1275. In the instant case, Doe personally appeared before the circuit judge and signed an affidavit swearing to the truth of Lauer's complaint. The defendant has not made any showing that Lauer intentionally included a false statement in his warrant complaint and, thus, was not entitled to the requested discovery on this basis. See *People v. Gorosteata*, 374 Ill. App. 3d 203, 212-13, 870 N.E.2d 936, 945 (2007) (finding that defendant failed to make substantial preliminary showing in part because the affidavits accompanying his request for *Franks* hearing did not show that officer deliberately included false statements in his warrant affidavit); see also *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000) (finding that motion for *Franks* hearing was properly denied where the motion challenged only the veracity of the confidential informant's statements, not those of officer).

In addition, the defendant has not made any showing that Lauer exhibited a reckless disregard for the truth by relying upon Doe's statement. "Reckless disregard for the truth" has been defined as requiring proof (1) that the affiant entertained serious doubts as to the truth of the allegations in the affidavit, or (2) of circumstances evincing obvious reasons to doubt the veracity of the allegations. *United States v. Williams*, 737 F.2d 594, 602 (7th Cir. 1984). It has also been said that the greater the showing that the informant blatantly lied to the officer, "the greater the probability that the affiant, in putting forth such information, exhibited a reckless disregard for the truth." *Lucente*, 116 Ill. 2d at 152, 506 N.E.2d at 1277.

In this case, the defendant's motion and accompanying affidavits do not indicate that Lauer had any reason to believe that Doe was be-

ing untruthful. The defendant argues that Lauer failed to sufficiently corroborate Doe's statements and that this failure amounts to a reckless disregard for the truth of those statements. We disagree. Lauer took steps to corroborate the information provided by Doe. Lauer viewed the residence and confirmed the description provided by Doe. Lauer also confirmed that the defendant lived at that residence and had Doe identify the defendant from a photograph. While the defendant can point to other steps that Lauer could have possibly taken, he has not shown that Lauer recklessly disregarded the truth by failing to do so. See *Jones*, 208 F.3d at 607.

Further, the affidavits supplied by the defendant do not show that Doe blatantly lied or any obvious reasons to doubt Doe's veracity. In addition to his own affidavit, the affidavits were those of the defendant's girlfriend and another member of their household. Neither Cochran nor Moore make any showing that it was impossible for Doe to have been in the residence during the applicable time period. Moore stated that he left the residence on occasion for at least short time periods. While Cochran stated that she worked at home during the applicable time period, she did not state that she never left the house or the defendant's side. In fact, she admitted that she used her cell phone as an intercom to contact the defendant at times. Thus, the defendant has failed to make any showing that Lauer's affidavit contained a reckless falsehood. See *Torres*, 200 Ill. App. 3d at 263-64, 558 N.E.2d at 652-53; *People v. Tovar*, 169 Ill. App. 3d 986, 992, 523 N.E.2d 1178, 1182 (1988).

The defendant, citing *People v. Hoye*, 311 Ill. App. 3d 843, 726 N.E.2d 180 (2000), invites us to hold that a challenge to Doe's affidavit alone is sufficient to support a request for a *Franks* hearing where the police officer's sworn statements incorporated the information provided to him by Doe. *Hoye* does not stand for this proposition. The *Hoye* court held that a defendant may challenge the veracity of a private informant's affidavit in the absence of a governmental affidavit sufficient to support the warrant application. *Hoye*, 311 Ill. App. 3d at 846-47, 726 N.E.2d at 182-83. That is not the factual scenario before us.

The State also argues that this case does not present a *Franks* scenario because Doe appeared before the judge who issued the warrant and swore to the truth of the statements in the warrant complaint. The State relies upon *Gorosteata*, 374 Ill. App. 3d at 213, 870 N.E.2d at 945, in which the First District concluded that the informant's testimony before the magistrate who issued the search warrant, "rather than the officer merely presenting and vouching for his informant's claims in the officer's complaint, without presenting

the informant to the court for interrogation, removed this case from the ambit of *Franks*." The defendant relies upon *People v. Caro*, 381 Ill. App. 3d 1056, 890 N.E.2d 526 (2008), in support of his argument that *Franks* still may be applied in this case. In *Caro*, another division of the First District rejected the reasoning of *Gorosteata* and affirmed the trial court's decision to grant a *Franks* hearing where the nongovernmental informant testified before the magistrate during the hearing on the State's complaint for a search warrant. *Caro*, 381 Ill. App. 3d at 1065-67, 890 N.E.2d at 534-35. However, we need not reach this issue as we have already found that the defendant failed to make any showing that Lauer intentionally or recklessly included a falsehood in the warrant complaint.

Finally, an *in camera* review of the requested information by the trial court would not have been helpful in this situation where the defendant has not made any showing of a *Franks* issue. Although we recognize that in some circumstances a defendant is entitled to some discovery in order to prove that he is entitled to a hearing under *Franks*, the defendant still must offer some showing the affiant included deliberate or reckless falsehoods in his affidavit. *Torres,* 200 Ill. App. 3d at 261, 558 N.E.2d at 651. In this case, the defendant has failed to meet his burden, however insubstantial, to show he is entitled to the disclosure of the requested information even *in camera*. There is simply no showing that Lauer made any false statements. Thus, an *in camera* review of a three-hour window compared to phone records and the affidavits provided would not have established that Lauer made any false statements or recklessly disregarded the truth. In addition, for the same reason, this is not a case that an *in camera* review would have established that the defendant was entitled to the requested discovery.

## CONCLUSION

The defendant's motion and the accompanying affidavits fail to make any showing that Lauer lied or recklessly disregarded the truth. As such, the defendant did not establish that he was entitled to the requested discovery. Therefore, the trial court abused its discretion by ordering the State to disclose the date and time span when Doe claimed to be present in the defendant's home. Accordingly, the judgment of the Will County circuit court is reversed and the matter is remanded for further proceedings

Reversed and remanded for further proceedings.

O'BRIEN, P.J., and SCHMIDT, J., concur.