THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PIERRE GEORGE *et al.*, Defendants-Appellees.

First District (4th Division)   No. 83—1413

Opinion filed July 5, 1984.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Thomas Gearen, Assistant State's Attorneys, of counsel), for the People.

Kevin P. Bolger & Associates, of Chicago, for appellees.

PRESIDING JUSTICE LINN delivered the opinion of the court:

The State appeals from an order of the circuit court quashing a search warrant and suppressing evidence seized pursuant thereto. (87 Ill. 2d R. 604(1)(a).) The State contends that the trial court's action was manifestly erroneous because defendants failed to specifically allege any deliberate falsehoods or reckless disregard for the truth in the affiant's affidavit for the search warrant.

Defendants were charged with possession of more than 30 grams of cocaine with intent to deliver and possession of more than 30 grams but less than 500 grams of marijuana with intent to deliver. (Ill. Rev. Stat. 1981, ch. 56½, pars. 1401(a)(2), 705(d).) In addition, Camille Zakrzewski George was charged with possession of a small amount of cocaine with intent to deliver. (Ill. Rev. Stat. 1981, ch. 56½, par. 1401(c).) The charges stemmed from execution of a search warrant at a second-floor apartment located at 3749 North Wolcott on the north side of Chicago. The warrant was issued upon the affidavit of William O'Connor, a Chicago police officer.

In his affidavit the officer averred that the day he sought to execute the search warrant he met with an informant whom he had known for four months and who had supplied the officer with accurate information on two narcotics cases which were currently pending in court. The informant, who was a cocaine user, advised him that on that day he had gone to the apartment in question to buy cocaine. When a male Caucasian named George opened the door, the informant could see a woman in the apartment. She picked up a plastic bag which held smaller clear plastic bags containing white powder. After purchasing some of the powder, the informant used it, resulting in the "same high feeling" he had previously experienced when using cocaine. Based on this affidavit, a search warrant was issued at 10:35 p.m. on April 30, 1982.

In their motions to suppress defendants alleged that the informant could not have been to their apartment to buy cocaine as claimed because neither defendant had been there all that day. Defendant, Pierre George, claimed he had left by 7:30 a.m. and did not return until 10:30 p.m., and his codefendant, who was not yet his wife, left her own residence by 8 a.m. and did not arrive at her husband's residence until 10:45 p.m. Both defendants also sought production of the informant.

At a hearing both defendants, through their counsel's offer of proof, detailed their activities on April 30, 1982, which had the effect of establishing their alibis. Camille George allegedly spent the night of April 29, 1982, at her parents' home, then left at 8 a.m. the next day

to attend her college courses until 4 p.m. She then went shopping before going to the home of several friends and then to dinner. Finally, about 10:45 p.m. she arrived at her husband's apartment for the first time that day.[1] The offer of proof as to Pierre George indicated that he left his residence at 7:30 a.m. on April 20, 1982. He then went to his university campus, where he attended classes until midafternoon. After stopping at a hotel, he went to the house of friends and then to a restaurant where he worked for several hours before going to his apartment at 10:15 p.m. Shortly thereafter, police arrived to execute the search warrant. The codefendant then arrived.

At this juncture the trial court expressed the view that if the informant lied to Officer O'Connor, who was the affiant, the search warrant would not be proper. The court also indicated that defendants had made a sufficient showing to challenge the allegations in the affidavit for the search warrant. Further, the trial court ordered production of the informant.

At a subsequent hearing Officer O'Connor testified that about 6 p.m. on April 30, 1982, he reported for duty and was met by the informant in the entrance area of the police station. After a brief conversation the witness prepared the request for the search warrant and then drove by the premises in question.

The officer described the informant as a male Hispanic, but he refused to give the informant's name and did not know his address. Officer O'Connor said that the last time he saw the informant was the evening that the search warrant was issued.

During this hearing the trial court directed the officer to answer the questions of defense counsel pertaining to the informant's identity, but Officer O'Connor refused. Based on this refusal, the trial court then granted defendants' motions to quash the search warrant and suppressed evidence related to execution of that warrant.

The State now maintains that the trial court's actions were in error because defendants failed to specifically allege any deliberate falsehoods or reckless disregard for the truth in Officer O'Connor's affidavit for the search warrant. But defendants counter by stating that their claim that no one was in the apartment during the time the narcotics were supposedly sold calls into question the affiant's veracity.

In *Franks v. Delaware* (1978), 438 U.S. 154, 155-56, 171, 57 L. Ed. 2d 667, 672, 682, 98 S. Ct. 2674, 2676, 2684, the court stated:

"[W]e hold that, where the defendant makes a substantial pre-

---

[1]Apparently, defendants married after their arrests in this case.

liminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

\* \* \*

There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant."

From the language of the *Franks* opinion it is clear that the veracity of the affiant and not the undisclosed informant may be challenged. *People v. Rodriguez* (1983), 119 Ill. App. 3d 575, 578, 456 N.E.2d 989; *People v. Kelly* (1983), 118 Ill. App. 3d 794, 797, 455 N.E.2d 826; *People v. Coleman* (1980), 91 Ill. App. 3d 646, 649, 415 N.E.2d 553.

In *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, petitioner presented discrepancies in details alleged in the affidavit in which the affiant's veracity was directly contradicted. Here, Officer O'Connor's affidavit merely set forth information given him by the informant. Even if that information were incorrect, there is no indication that the affiant knew or had reason to believe that the information was false or acted in reckless disregard thereof. Further, *People v. Garcia* (1982), 109 Ill. App. 3d 142, 440 N.E.2d 269, upon which the defendants rely, is not dispositive of this case. In *Garcia*, some of the matters set forth in the affidavit were the affiant's personal observations, and these were contradicted by defendant, thus calling into question the entire affidavit. Thus the court concluded that a hearing under *Franks v. Delaware* was necessary.

We are also aware of the recent decision by the *Garcia* court in *People v. Martine* (1984), 121 Ill. App. 3d 793, 804-05, 460 N.E.2d

456, *appeal allowed* (1984), 101 Ill. 2d 549, which resembles the present case. In *Martine,* defendant and several others disputed the allegations contained in a police officer's affidavit that an undisclosed informant had purchased cocaine from defendant. We have examined *Martine* and will not apply its rationale to the present case. To do so would require a hearing pursuant to *Franks v. Delaware* whenever the defendant merely disputes the allegations of the affiant without any *indicia* that the affidavit contained falsehoods attributable to the affiant. (*People v. Rodriguez* (1983), 119 Ill. App. 3d 575, 456 N.E.2d 989.) In the present case defendants were not entitled to a hearing pursuant to *Franks v. Delaware.* Nor under the circumstances were defendants entitled to production of the informant. See generally *People v. Lewis* (1974), 57 Ill. 2d 232, 236, 311 N.E.2d 685.

Accordingly, the order of the circuit court quashing the search warrant and suppressing evidence seized pursuant thereto is reversed, and the cause is remanded.

Reversed and remanded.

JOHNSON and ROMITI, JJ., concur.