(No. 59917.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. VERNA MARTINE, Appellee.

*Opinion filed February 6, 1985.—Modified on denial of rehearing May 31, 1985.*

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Michael E. Shabat and David C. Kluever, Assistant State's Attorneys, of counsel), for the People.

Steven Clark, Deputy Defender, and Scott Graham and Kenneth L. Jones, Assistant Appellate Defenders, of the Office of the State Appellate Defender, of Chicago, for appellee.

JUSTICE SIMON delivered the opinion of the court:

In a bench trial in the circuit court of Cook County the defendant, Verna Martine, was convicted of possession with intent to deliver and possession of various types of controlled substances and sentenced to six years' imprisonment. The controlled substances were seized in a search of her house pursuant to a warrant issued on the basis of a police officer's affidavit. Prior to trial, the defendant moved to quash the search warrant

and, by separate motion, to controvert the search warrant, suppress evidence and produce the confidential informant. The circuit judge denied these motions and refused to order the type of evidentiary hearing provided for by *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674. The appellate court reversed, holding that *Franks* was applicable and that it required the hearing that the circuit court had denied. 121 Ill. App. 3d 793.

Because the search warrant in this case was issued and executed approximately six months before the Supreme Court decision in *Franks*, we address first the applicability of *People v. Laws* (1981), 84 Ill. 2d 493, *cert. denied* (1981), 454 U.S. 817, 70 L. Ed. 2d 86, 102 S. Ct. 96. There this court decided that it was neither appropriate nor necessary to apply *Franks* retroactively. However, 14 months after *Laws*, the Supreme Court held in *United States v. Johnson* (1982), 457 U.S. 537, 73 L. Ed. 2d 202, 102 S. Ct. 2579, that, with limited exceptions, a decision of that court "construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." None of the exceptions set forth in *Johnson* were present in the *Franks* decision. For that reason, to the extent that it forbids the retroactive application of *Franks, Laws* can no longer be followed. Instead *Johnson* tells us that we must apply *Franks* retroactively, and this requires us to determine whether the defendant has made an adequate showing to be eligible for the evidentiary hearing to which she claims she is entitled under *Franks*. Applying *Franks* to the following factual matters set forth in affidavits filed in this case, our answer is that the defendant has failed to support her motion by the substantial preliminary showing required by *Franks*.

The complaint for the search warrant issued on December 13, 1977, was accompanied by the affidavit of

Steve Kuhn, a Chicago police officer. In it he referred only to his experience and conversation with an unidentified confidential informant. The experience Officer Kuhn related was that he had known the informant for a year, that the informant had supplied information to him on four occasions, that the information resulted in raids in which narcotic contraband was recovered, arrests were made, and convictions were obtained. The conversation reported was that the informant told him that on December 13, 1977, he had purchased two grams of cocaine from the defendant at 1427 West Henderson in Chicago (the premises), that he snorted the cocaine and knew it was cocaine because he had previously used it, and that, when he left, the defendant had a quantity of cocaine in a clear plastic bag from which she had taken the amount she sold the informant.

The defendant supported her motion to controvert the search warrant by three affidavits. One was her own in which she denied that a confidential informant purchased cocaine from her on the date specified by Officer Kuhn (December 13, 1977) at the premises. She also stated that her next-door neighbor Joseph Sheehy had been on the premises on December 12 and 13 repairing the furnace and duct work, that he had been assisted by Joseph Radzievewski and Dale Powers "at various times," and that all three would testify that no one appeared at the premises to purchase cocaine or anything else and that she did not sell or give away any cocaine on that date. Radzievewski and Powers supplied identical affidavits which stated that they were assisting in repairing the furnace and duct work in the premises on December 13, that they "had been in and out of the premises on the date aforesaid; had gone for parts ***." Each denied seeing "anyone on the premises during the course of time" each was there purchasing or receiving any substance from the defendant. The third man, Jo-

seph Sheehy, did not supply anything in support of the motion.

The following observations in *Franks* are relevant to the determination we must make:

"The *requirement of a substantial preliminary showing* should suffice to prevent the misuse of a veracity hearing for purposes of discovery or obstruction.

\* \* \*

\* \* \* There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's *attack must be more than conclusory and must be supported by more than a mere desire to cross examine.* There must be *allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.* They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant." (Emphasis added.) *Franks v. Delaware* (1978), 438 U.S. 154, 171, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684.

The affidavits on which the defendant relies do not make the substantial preliminary showing that *Franks* requires to overcome the presumption of validity which attaches to the affidavit supporting the search warrant. The two men who were repairing the furnace and duct work acknowledge that they were in and out of the premises and that they left the premises to get parts. Their affidavits do not negate the possibility that the purchase of which Officer Kuhn states he was informed occurred while they were away from the premises. Also, their affidavits do not indicate that while working on the

furnace and ducts they were in a position to observe if anyone was elsewhere in the premises.

What we come down to is Officer Kuhn relating in his affidavit the information supplied by the confidential informant and the defendant in her affidavit denying that any person received any cocaine from her in the premises on the date in question. Her affidavits do not explain how she could not have sold cocaine to the informant on the day in question, and they fail to make a substantial enough preliminary showing to satisfy the requirement of *Franks*. The defendant's attack on the warrant affidavit shows nothing more than her desire to engage in discovery and to cross-examine Officer Kuhn.

The defendant compares her situation with that in *People v. Garcia* (1982), 109 Ill. App. 3d 142, *cert. denied* (1983), 460 U.S. 1040, 75 L. Ed. 2d 792, 103 S. Ct. 1433, in which an evidentiary hearing was ordered. The affidavits in that case, however, raised an issue of a type not present here and disputed every aspect of the officer's affidavit. The officer in that case stated in his affidavit, in addition to matters which relied on information supplied by an informant, that a Cadillac bearing described license plates was observed parked in front of the defendant's apartment on a certain day at a certain time. The defendant's affidavit contradicted this statement by setting forth that the defendant was en route in that automobile from his home in Florida at the time and on the date specified by the officer. In this case, the affidavits of Powers and Radzievewski were inconclusive; thus, all we have to rely upon is the defendant's denial of what the officer swore the informant told him. Nowhere in her affidavit has the defendant shown that Officer Kuhn knew or should have known that the informant's statements were false.

The defendant argues, as the appellate court observed, that unless the informant is produced or the offi-

cer can be questioned regarding the identity of the informant, a person who is the object of a search conducted pursuant to a warrant has no way of knowing or showing whether the informant actually exists or has been fabricated by the officer. We are mindful, however, of the following sentence in *Franks* which deals with this very question and admonishes us that the court was not deciding whether a reviewing court appraising an officer's affidavit must require that the identity of an informant be revealed even after a preliminary showing of falsity has been made.

> "*** because we are faced today with only the question of the integrity of the affiant's representations as to his own activities, we need not decide, and we in no way predetermine, the difficult question whether a reviewing court must ever require the revelation of the identity of an informant *once a substantial preliminary showing of falsity has been made.*" (Emphasis added.) (*Franks v. Delaware* (1978), 438 U.S. 154, 170, 57 L. Ed. 2d 667, 681, 98 S. Ct. 2674, 2684.)

Yet, in this case the defendant seeks by her motion to have the informer produced where there has not even been a substantial preliminary showing. Thus, applying *Franks* retroactively, as *United States v. Johnson* requires, we conclude that the absence of such a showing is fatal to her position. The circuit judge properly denied the defendant's motion to controvert the search warrant, suppress evidence and produce the informer.

The defendant raises a second argument which the appellate court rejected, but which she contends requires that her conviction be reversed and a new trial granted. She claims that she was improperly excluded from the courtroom during an offer of proof, and that this deprived her of her right under the sixth and fourteenth amendments to the United States Constitution and under article I, sections 2 and 8, of the Illinois Constitution

to be present during her trial. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, secs. 2, 8.

During her redirect examination, her counsel asked the defendant how many times Officer Riley, one of the officers who conducted the search of her home, had come to her house after her arrest. Her response was that it happened three times. The next inquiry was about matters discussed on the last occasion. At this point, the prosecutor objected, arguing that the inquiry was both irrelevant and beyond the scope of the cross-examination. The circuit judge, acting on a suggestion of the prosecutor, requested that the defendant leave the court-room while an offer of proof was being made by defense counsel.

The offer of proof was that the defendant would testify that Officer Riley told her that she was being framed and that the only way she could help herself was by cooperating with the police. After hearing the offer of proof and arguments, the circuit judge ruled that the subject was beyond the scope of the cross-examination, but stated that he would permit counsel to reopen the direct examination and then allow the defendant to testify about her conversation with Officer Riley. When the defendant returned to the courtroom, her redirect examination was terminated by her counsel. He never moved to reopen the defendant's direct examination.

The State first points out that when the defendant was excused, neither she nor her counsel made any objection. Thus, the State argues, any error that might have occurred has been waived. Application of the waiver rule under the circumstances presented is appropriate so long as the defendant's waiver was not only " 'voluntary but [also] *** knowing, intelligent *** [and] done with sufficient awareness of the relevant circumstances and likely consequences.' (*Brady v. United States* (1970), 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756,

90 S. Ct. 1463, 1469.)" (*People v. Johnson* (1979), 75 Ill. 2d 180, 187.) Because the record indicates the defendant's departure from the courtroom was not only without objection, but also with complete understanding of what was happening and that she was being asked to leave while an offer of proof was to be presented, we conclude that she validly waived her right to be present.

The defendant contends that there was no waiver because she was unaware of what transpired in the courtroom during her absence. This argument fails to place the defendant's absence in proper context. Immediately prior to her exclusion, her counsel was asking about conversations with police officers following her arrest. She knew the question to which the State was objecting and before leaving the courtroom she heard that she was to be excluded while an offer of proof was to be made. In addition, while the record does not affirmatively indicate that the defendant's counsel informed her of what took place during her absence, counsel had ample time after finishing her redirect examination to inform the defendant of what happened while she was outside the courtroom. The decision to forgo reopening direct examination, as the trial judge suggested he would allow to be done, must be viewed under these circumstances as a tactical decision on the part of the defendant and her counsel.

More significantly, the defendant's right to be present during her trial is violated only when the exclusion occurs at a time when the trial court is conducting a hearing involving the defendant's substantial rights. (*People v. Miller* (1958), 13 Ill. 2d 84, 112, *cert. denied* (1958), 357 U.S. 943, 2 L. Ed. 2d 1556, 78 S. Ct. 1394.) "Nowhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow. *** Many mo-

tions before trial are heard in the defendant's absence, and many motions after trial or in the prosecution of appeals. [Citations.]" (*Snyder v. Massachusetts* (1934), 291 U.S. 97, 106-07, 78 L. Ed. 674, 678-79, 54 S. Ct. 330, 332-33.) Likewise, hearings in the defendant's absence dealing with legal questions such as objections to the introduction of evidence do not require the defendant's presence. (See, *e.g., United States v. Gunter* (8th Cir. 1980), 631 F.2d 583, 589.) The purpose of "the general rule giving an accused the right to be present at a criminal prosecution, is to allow him to meet the witnesses face to face and sift the testimony produced against him." *People v. Hirschberg* (1951), 410 Ill. 165, 168.

We agree with the defendant that there was no valid reason for her exclusion. She was already prepared to respond to her attorney's question concerning her conversation with Officer Riley, and any fear that she might be assisted in her response if she listened to the offer of proof is misplaced. In fact, the offer of proof could have been made in open court with the defendant responding to questions by her counsel. Nevertheless, her exclusion neither deprived her of hearing testimony nor of confronting anyone testifying against her. We conclude, therefore, that the exclusion of the defendant from the courtroom at the time the court was considering and ruling upon the objection to the introduction of her testimony on the ground that it was beyond the scope of her cross-examination did not prejudice her. Nor did it violate her constitutional rights, for she was absent only during argument on a question of law, and this did not violate her right to be present at every step of the proceedings. *Deschenes v. United States* (10th Cir. 1955), 224 F.2d 688, 693.

The appellate court properly vacated the defendant's conviction for possession of cocaine on the ground that this is a lesser included offense of possession of cocaine with intent to deliver, for which she was also convicted.

The appellate court's judgment is reversed except insofar as it vacated the defendant's conviction and sentence for possession of cocaine. The judgment of the circuit court is affirmed except that portion of it as was properly vacated by the appellate court.

*Appellate court affirmed in part and reversed in part; circuit court affirmed in part and vacated in part.*