THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MANSOUR SADAKA, Defendant-Appellant.

First District (1st Division)   No. 86—2033

Opinion filed August 22, 1988.

Robert C. Lucenti, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Kenneth T. McCurry and Kim A. Novi, Assistant State's Attorneys, and Marilyn Schlesinger, Special Assistant State's Attorney, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Following a jury trial, defendant Mansour Sadaka was convicted of possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(1)) and sentenced to 14 years in the Illinois Department of Corrections. On appeal, defendant raises three claims for reversal of his conviction: (1) the trial court improperly admitted the registration of a phone number found in defendant's possession and the related criminal conviction; (2) the use of expert testimony to establish "street value" of narcotics was unduly prejudicial and plain error; (3) defendant was denied effective assistance of counsel. For the reasons set forth below, we affirm.

The record discloses that on November 1, 1985, defendant arrived at O'Hare International Airport from Lebanon. After noting that defendant was traveling alone from a drug source country, United States Customs Inspector Susan Steinhofer directed defendant to a

secondary examining area. Customs agents Jeffrey Jacobs and Ronald Drozek inspected defendant's suitcase and found a cellophane-sealed box containing a bottle of Demonk's Whiskey, labeled with a red wax seal. Upon closer examination of the bottle, the agents discovered a small vial containing the liquor inside the bottle. The vial fit in the neck of the bottle, and the agents found white powder beneath it. A field test conducted of the white powder revealed the substance contained heroin.

Customs agents Jacobs and David Gooding thereafter allowed defendant, who had been waiting in another room, to return to the customs office lobby. The agents observed defendant for 5 to 10 minutes without incident before defendant was brought back to the customs area. Following a search of defendant, the agents recovered a slip of paper listing the name of a hotel in Cleveland, Ohio, and two phone numbers, one of which registered to George Malek, a convicted heroin trafficker, at a Cleveland address.

Prior to trial, defendant filed a motion *in limine* seeking to exclude the telephone number and third-party conviction. The State argued that the evidence represented circumstantial proof to rebut defendant's claim that he did not know anyone in the United States or know that he was carrying heroin. The trial court ruled that the evidence was relevant to defendant's knowledge. Prior to this ruling, the State and defendant agreed that, upon a favorable ruling for the State, a stipulation would be read to the jury indicating that the phone number belonged to George Malek, a convicted heroin trafficker. Defendant further agreed to stipulate to a court computer printout of the conviction as a substitute for a certified copy of the conviction.

On appeal, defendant initially contends that the trial court committed reversible error in admitting the telephone number and third-party conviction, arguing that this evidence is irrelevant and inadmissible hearsay. Defendant's stipulation entered into at trial as to this evidence will be enforced absent a showing of fraud, unreasonableness, or violation of public policy. (*People v. Johnson* (1977), 45 Ill. App. 3d 255, 359 N.E.2d 791.) While this court may exercise its judicial discretion to take notice of plain errors which deprive the accused of a fair trial (*People v. Baynes* (1981), 88 Ill. 2d 225, 430 N.E.2d 1070), defendant's contention that the compilation of inadmissible evidence rises to the level of plain error is without merit.

Evidence is deemed relevant and admissible when it "fairly tends to prove the particular offense charged." (*People v. Peter* (1973), 55 Ill. 2d 443, 459, 303 N.E.2d 398, 408.) Any circumstances may be put

in evidence that tend to make the proposition at issue more or less probable. (55 Ill. 2d at 459, 303 N.E.2d at 408.) The State argues, and the trial court ruled, that the evidence showing that defendant carried the telephone number of a known drug trafficker living at defendant's destination tends to make more probable the proposition that defendant knowingly possessed the heroin. We agree.

Defendant asserts that the evidentiary rules relating to the use of character evidence preclude the admission of the prior conviction of George Malek. The rule of evidence raised by defendant provides that evidence of other crimes committed by an *accused* is inadmissible to show his bad character. (*People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821; *People v. Lee* (1986), 151 Ill. App. 3d 510, 502 N.E.2d 399.) Evidence will be admissible, though, if it is relevant to other issues such as to motive, knowledge, criminal intent, or identity. *People v. Lee* (1986), 151 Ill. App. 3d 510, 520, 502 N.E.2d 399, 405.

Defendant argues that the principles underlying the rule for prior crimes of an accused should equally apply to third-party convictions. The purpose of this rule is to prevent a jury from convicting a defendant because of his propensity or disposition to commit a crime. (151 Ill. App. 3d at 520, 502 N.E.2d at 405.) Similarly, allowing the admission of a prior criminal record of a third-party whose phone number defendant possessed, defendant reasons, will promote "guilt by association." Defendant fails, however, to recognize that even if this court extended the rule for prior crimes of an accused to third-party convictions, the evidence here would be nevertheless admissible as relevant to the issue of defendant's knowledge.

Furthermore, the phone number and computer printout of Malek's conviction are not inadmissible hearsay. Defendant challenges the admission of the computer printout on the ground that the State failed to establish the necessary foundational requirements for the business records exception. In so doing, defendant ignores his stipulation at trial which precludes the State's need to establish a foundation. Notwithstanding the stipulation, the computer printout complies with the requirements for the public records exception. The computer printout is authorized to be maintained by the court's very nature, and it is within the court's purview to maintain conviction records. (*People v. Hester* (1980), 88 Ill. App. 3d 391, 395, 410 N.E.2d 638, 640.) The telephone number is likewise not hearsay since the State did not introduce the telephone number to prove the truth of its contents, but to show an association between defendant and the individual whose phone number was in defendant's possession.

■ Defendant next contends that the expert testimony of special

drug enforcement agent Mel Schabilion, a 17-year veteran in the field of narcotics, on the issue of "street value" of the seized heroin was improperly admitted at trial. Defendant's counsel did not object to the admission of this testimony during trial or in the post-trial motion. Errors not objected to at trial or raised on post-trial motions are waived. (*People v. Lucas* (1981), 88 Ill. 2d 245, 430 N.E.2d 1091.) Defendant, however, argues the admission of this testimony was plain error and therefore reviewable by this court. (73 Ill. 2d R. 615(a); *People v. Jackson* (1981), 84 Ill. 2d 350, 418 N.E.2d 739; *People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.) Supreme Court Rule 615(a) provides for such review when the error or defect affects substantial rights. The Illinois Supreme Court has explained that the plain error doctrine may be invoked where the evidence is closely balanced or where the error was of such magnitude to deny the accused a fair trial. *People v. Jackson* (1981), 84 Ill. 2d 350, 418 N.E.2d 739; *People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.

■ This court need not apply this doctrine since we hold the admission of the expert testimony was proper. Defendant advances three arguments to the contrary. Defendant first relies on section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1) as precluding testimony of the heroin's "street value" prior to a finding of guilty. This provision requires courts, after conviction for a drug-related offense involving possession or delivery of cannabis or a controlled substance, to impose a fine at not less than the full street value of the substance seized. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1.) It further allows the court to make this determination on the basis of testimony of law enforcement personnel as to the substance's current street value.

Defendant's contention is misguided. The statute does not state that *street value cannot be introduced for any other purpose.* In applying the rule of statutory construction, there is no indication of a legislative intent to limit the prosecutor's use of "street value" testimony at trial. The statute's only apparent purpose is to remove the profit gained from persons convicted of drug offenses.

In his second argument, defendant maintains that the "street value" testimony does not meet the prerequisites for admitting expert testimony because "street value" is not relevant to any element of the offense. It is well established that a trial court has substantial discretion in ruling on the admissibility of evidence. (*People v. Hoffmann* (1986), 140 Ill. App. 3d 1056, 489 N.E.2d 460; *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 366 N.E.2d 327.) Courts will admit expert testimony if it assists the trier of fact in understanding the evidence or

deciding a fact in issue. *Duffy v. Midlothian Country Club* (1985), 135 Ill. App. 3d 429, 481 N.E.2d 1037; *Ruffiner v. Material Service Corp.* (1985), 134 Ill. App. 3d 747, 480 N.E.2d 1157.

In response to defendant's irrelevancy argument, the State asserts that the expert's testimony as to "street value" of the heroin is relevant to the issue of intent, a material issue in the crime of possession of narcotics with intent to deliver. A number of cases suggest a basis for this assertion. For example, in *People v. Knight* (1985), 133 Ill. App. 3d 248, 254, 478 N.E.2d 1082, 1088, *People v. Atencia* (1983), 113 Ill. App. 3d 247, 250, 446 N.E.2d 1243, 1245, and *People v. Munoz* (1982), 103 Ill. App. 3d 1080, 1082, 432 N.E.2d 370, 372, Illinois courts have recognized that possession of a drug in excess of the amount normally intended for personal use is circumstantial evidence from which a trier of fact may infer that the defendant possessed the substance with the intent to deliver.

Although the evidence presented in these cases involves an "amount" of heroin as opposed to the "value" of heroin at issue here, the distinction is of little significance. Similar to testimony of "amount," "street value" testimony is probative of defendant's intent with respect to the use of the heroin. The expert in this case specifically testified that the heroin would have to be diluted and extended 32 kilograms to reach street grade and that a kilogram of the heroin would be worth, at street grade, $3.2 million. Given the potential profitability of heroin, it would be just as logical to infer as in cases with excessive "amounts" that defendant intended to deliver the heroin for sale rather than retain it. Thus, the "street value" testimony in this case is relevant and a proper subject for expert testimony.

Finally, defendant argues that the "street value" testimony was improper because of its highly prejudicial effect. The basis of defendant's contention is that the testimony "subliminally induced the jury to conclude that profit was the motive for the alleged commission of the crime," allowing a "prejudgment of defendant's defense prior to the conclusion of his trial." Acceptance of this reasoning would mean that any evidence introduced in the State's case in chief that was contrary to defendant's theory of the case would lead to an improper "prejudgment" of defendant. Absent any substantial showing of prejudice, the relevance of the street value testimony clearly outweighs its prejudice.

■ Defendant's final contention is that his counsel's performance denied him effective assistance of counsel. Under the *Strickland* standard adopted by Illinois in *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246, the defendant must satisfy two requirements

to establish a denial of effective legal representation. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) First, counsel's performance must fall well below an objective standard of reasonableness. Second, even if the defendant meets the first requirement, *Strickland* requires a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. When applying the *Strickland* standard, a court is to view the totality of counsel's conduct in light of all the circumstances and under a strong presumption of adequacy and reasonableness. *People v. Davis* (1986), 151 Ill. App. 3d 435, 443, 502 N.E.2d 780, 785.

Defendant presents several instances of counsel's conduct at trial to support his ineffectiveness claim. Specifically, defendant cites counsel's failure to oppose the admission of the street value testimony as well as Malek's phone number and conviction on hearsay grounds, his stipulation to the Malek number and conviction, his opening remark that the case was limited solely to the element of defendant's knowledge, and cocounsel's unpreparedness. Defendant argues these actions resulted in a "thinly disguised admission of guilt on behalf of his claim *** in direct contravention of defendant's plea of not guilty."

■ In evaluating defendant's claim of counsel's inadequate performance under the first part of the *Strickland* test, it is well established that counsel's exercise of judgment, discretion, or employment of trial strategy does not establish ineffective assistance of counsel. (*People v. Treadway* (1985), 138 Ill. App. 3d 899, 903, 486 N.E.2d 929, 932; *People v. Hattery* (1985), 109 Ill. 2d 449, 460, 488 N.E.2d 513, 517.) Additionally, defense counsel's representation need not be flawless. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) Defendant's assertions as to counsel's remarks in his opening statement and counsel's failure to object to "street value" testimony may be discounted as judgments in strategy. Likewise, counsel's decision to stipulate to the phone number and third-party conviction was trial strategy. (*People v. Puente* (1984), 125 Ill. App. 3d 152, 159, 465 N.E.2d 682, 687.) Counsel unsuccessfully sought to exclude this evidence before trial on relevancy grounds, his strongest argument. This evidence, as previously discussed, did not constitute hearsay, and therefore, counsel did not act unreasonably in failing to object on those grounds. Since defendant's claim as to cocounsel's unpreparedness cites only a cursory cross-examination of a few witnesses, which is a matter of trial judgment, this claim may also be disregarded.

With respect to counsel's performance in the opening statement and decision to cross-examine the expert on street value as opposed

to objecting to his testimony, defendant attempts to support his claim that counsel's conduct was in direct contravention of defendant's plea of not guilty by relying on two Illinois cases that held performance ineffective on such grounds. (*People v. Hattery* (1985), 109 Ill. 2d 449, 488 N.E.2d 513; *People v. Woods* (1986), 151 Ill. App. 3d 687, 502 N.E.2d 1103.) These cases are clearly distinguishable from the facts presented in the instant case. In *Hattery* and *Woods*, defense counsel directly told the jury that his client was guilty as charged. In the instant case, defense counsel's comments to the jury were limited to the element of knowledge and were consistent with defendant's case theory that he possessed the heroin without knowledge of its nature. Counsel's statements and conduct in no way contravened defendant's plea of not guilty.

■ Defendant's ineffectiveness of counsel claim also fails to satisfy *Strickland's* second requirement of actual prejudice. Even assuming counsel erred in his trial strategy in the opening statement and on his examination of the witnesses, a reasonable probability does not exist that, but for these errors, the result of the proceeding would have been different. There is ample evidence in the record for the jury to find defendant guilty notwithstanding counsel's performance.

The State presented evidence that defendant entered customs alone at O'Hare Airport from a source country for drug production. Inspectors found heroin concealed in a liquor bottle in defendant's luggage. At the time of his arrest, defendant had in his possession the phone number of a convicted drug trafficker, registered at defendant's place of destination. Further, defendant's story had a number of inconsistencies. Defendant told police at the time of his arrest that he was a liquor salesman in the United States on vacation. He claimed that he did not know the name or whereabouts of the recipient of the liquor. At trial, however, defendant claimed to be in the United States to purchase land, but he neither carried documents to negotiate a deal nor knew of the specific whereabouts of the landowners. Accordingly, defendant has failed to establish his claim under both parts of the *Strickland* test.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

QUINLAN and MANNING, JJ., concur.