THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LEVOYD LEVY, Defendant-Appellant.

First District (3rd Division)   No. 1—87—1299

Opinion filed September 26, 1990.

Randolph N. Stone, Public Defender, of Chicago (Alvin A. Stokes, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and James Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Defendant, Levoyd Levy, was convicted of possession of a controlled substance with intent to deliver. (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(2).) He argues on appeal that: (1) the trial court erred in denying his motion to quash arrest and suppress evidence because a false affidavit supported the warrant; (2) the expert testimony of a detective concerning the street value of the drugs was prejudicial; and (3) defendant was denied a fair trial when the judge commented on the nature of the testimony of a defense witness.

Defendant alleged in an amended motion to quash the search warrant that he was arrested on January 16, 1985, following the execution of a search warrant issued pursuant to a complaint sworn to by Chicago police officer R.O. O'Neill. Defendant alleged that the officer stated in his complaint that he had a conversation with an informant on January 15, 1985, who related that he had gone to 9427 South May Street, where a person named "Bo Honkey" showed him cocaine. Defendant alleged that the allegations of the informant were false and that the police officer either swore falsely in the affidavit as to the conversation with the informant or that the officer could not in good faith have had reason to believe the informant's account because: (1) he knew or should have known that had the informant actually been to the address he would have seen the prominently displayed name Levy on the front door; and (2) he barely knew his informant and did not know his true reliability. Defendant referred to the officer's statement in the complaint for the search warrant that he had known the informant for at least three months and that on two occasions the informant's information led to the seizure of drugs. Defendant argued that the description of the informant's reliability was boilerplate at best and lacked "the ring of truth."

Defendant filed a supporting affidavit in which he stated that on January 15, 1985, he slept at 9427 South May Street, that no one visited him that day, and that he did not inform anyone that day that he possessed cocaine. Defendant also swore that the informant never existed and that the allegations made by the police

officer were false and known to be false when he prepared the complaint for the search warrant. Defendant's parents and sister swore in affidavits that no one other than family members entered the home on January 15, 1985.

Robert O'Neill stated in the complaint for the search warrant that he had a conversation with a "cooperating individual" on January 15, 1985, whom he had known for at least three months. During the last month, this informant had supplied the officer with information on criminal violations on two separate occasions that resulted in at least one arrest and the seizure of drugs. The informant related that on January 15, 1985, he went to 9427 South May and purchased cocaine from a man he knew as "Bo Honkey."

The motion to quash and a motion to disclose the identity of the informant were denied.

Sergeant Carl Edenfield testified at trial for the State that on January 16, 1985, he executed a search warrant at 9427 South May in Chicago. Defendant was in a bedroom in which were recovered a scale, $9,100, packets containing a white powder believed to be cocaine, a tinfoil packet of a white substance, and a plastic bag containing a white rock substance. Defendant stated during the search that the items belonged to him.

Chicago police detective Joseph Carone testified for the State that also recovered in the search were a bottle marked White Lady Manitol, strainers, a metal mixing bowl, a metal spoon, white paper packets, and manilla envelopes.

Arlene Koszyk, a criminalist for the Chicago police department, testified for the State that she weighed and tested the recovered substances and concluded they were cocaine.

Detective George Graham testified for the State over defendant's objection that the estimated street value of a gram of cocaine was $168. The approximate street value of the 35-gram chunk of cocaine recovered in the search was $20,000. Manitol is an adulterant used in mixing cocaine to create larger quantities for sale. Gram scales similar to the one recovered from defendant have been recovered by Graham in other searches for cocaine. Strainers are used to mix the hard rock form of cocaine with Manitol to create a powder. Mixing bowls and measuring spoons were normal cocaine paraphernalia.

Defendant's cousin Aaron Stuckey testified for defendant as to his social activities with defendant on the weekend prior to the search. The State objected several times on relevancy grounds, and the trial court overruled on the basis that defendant was to tie up

the evidence. The court finally stated after another State objection that "[n]inety percent of this was not necessary. Get to the point." Testimony was later elicited that another person left a bag at defendant's house.

Defendant's motion for a new trial was denied.

Defendant first argues that the trial court erred in denying his motion to quash arrest and suppress evidence because he made a substantial preliminary showing that the affidavit which supported the application for a search warrant was false. Defendant argues that his affidavits demonstrated that no one came to his home on January 15, 1985, the date when the informant allegedly purchased cocaine from defendant.

■ There is a presumption of validity of an affidavit supporting a search warrant. (*People v. Martine* (1985), 106 Ill. 2d 429, 435, 478 N.E.2d 262.) To obtain an evidentiary hearing on a challenge to the affidavit, defendant must make allegations of the affiant's deliberate falsehood or reckless disregard for the truth. (*Martine*, 106 Ill. 2d at 435, citing *Franks v. Delaware* (1978), 438 U.S. 154, 171, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684.) In *Martine*, defendant swore in an affidavit that the informant did not purchase cocaine from her on a particular date, and two persons who worked in defendant's home swore in affidavits that they were in and out of the premises on that date. The court held that the affidavits did not negate the possibility that the purchase occurred while the workers were gone. (*Martine*, 106 Ill. 2d at 435.) Therefore, defendant did not demonstrate the falsehood of the statements in the affidavit supporting the search warrant.

In a case similar to the instant case, an informant told a police officer that he purchased cocaine at defendants' apartment. (*People v. George* (1984), 126 Ill. App. 3d 1, 466 N.E.2d 1242.) Defendants claimed that the informant could not have purchased cocaine because neither was at their apartment that day. The court emphasized that it was the veracity of the affiant and not of the informant that could be challenged. (*George*, 126 Ill. App. 3d at 4.) The court held that even if the informant had given incorrect information, there was no indication that the affiant police officer knew or had reason to believe that the information was false or that he acted in reckless disregard of the truth. (*George*, 126 Ill. App. 3d at 4.) On this basis, the order quashing the search warrant and suppressing the seized evidence was reversed.

■ Defendant has likewise only presented evidence bearing on the veracity of the informant and has not made a showing that the

affiant made deliberate falsehoods or was in reckless disregard of the truth. The trial court properly denied defendant's motion to quash and to suppress.

Defendant next argues that the testimony of Detective Graham as to the street value of the cocaine was irrelevant to the issue whether defendant was in possession of a controlled substance with intent to deliver, was prejudicial, and outweighed any probative value.

■ Street value would be relevant because it provides circumstantial evidence of the intent to deliver. It could be inferred from defendant's possession of a large quantity of cocaine with a high street value that he was not intending to use it personally. (See *People v. Sadaka* (1988), 174 Ill. App. 3d 260, 265, 528 N.E.2d 283 (high street value of heroin is probative of intent to sell).) Defendant does not argue how the evidence of street value was prejudicial, and no prejudice is indicated in the record. Furthermore, any error in admitting testimony of the street value of the cocaine was harmless in light of the evidence of the large quantity of drugs and drug-selling paraphernalia seized in defendant's room.

■ Defendant finally argues that the trial judge denied him a fair trial by commenting on the nature of the testimony of a defense witness in the presence of the jury. This argument was waived by defendant's failure to include it in his post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124.) Even if the error was not waived, defendant was not denied a fair trial. The judge's comment was directed to the lawyer's unnecessarily lengthy direct examination which brought out irrelevant testimony concerning the social activities of defendant and his cousin preceding the search. The judge did not thereby comment on the credibility of the witness which would have been improper. *People v. Cobbins* (1987), 162 Ill. App. 3d 1010, 1028, 516 N.E.2d 382.

The judgment of the circuit court is affirmed.

Affirmed.

RIZZI and FREEMAN, JJ., concur.