THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ADOLFO COSS, Defendant-Appellant.

First District (1st Division)   No. 1—91—4027

Opinion filed May 3, 1993.

Irwin L. Franzin, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James
Fitzgerald, and Katherine S.W. Schweit, Assistant State's Attorneys, of
counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant Adolfo Coss was found guilty of two counts of possession of a controlled substance with intent to deliver. Defendant was sentenced to nine years' imprisonment. Defendant now appeals the denial of his pretrial motion, filed pursuant to *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, to quash the search warrants and suppress evidence.

The record on appeal discloses the following facts. On May 8, 1989, Chicago police officer Victor Guerrieri executed a complaint for a search warrant of Monticello Pizza. Officer Guerrieri wanted to search the pizzeria and defendant for cocaine, drug-related paraphernalia, United States currency that might be the profits of drug transactions and items that might show defendant's ownership and control of the pizzeria. Officer Guerrieri stated that probable cause for the search warrant was based on a conversation with a confidential and reliable police informant whom Officer Guerrieri had known for over six months and who had provided Officer Guerrieri with accurate and reliable information on three previous occasions. Each of these occasions resulted in an arrest for a narcotics violation and in recovery of substances which later tested positive as cocaine.

According to the complaint, on May 8, 1989, the informant purchased a white folded paper snow-seal packet containing cocaine inside the Monticello Pizza pizzeria. The informant indicated that Adolfo Correa, also known as Adolfo Coss, claimed to own the pizzeria. Coss' physical description was given. The informant indicated that Coss took him into a rear storage area next to the kitchen, where there were about 45 white folded paper snow-seal packets inside a brown glass bottle. According to the informant, Coss wanted $45 for one-half gram of cocaine and he paid this sum in return for one of the packets. Coss then replaced the brown glass bottle behind some storage boxes. The informant left the premises, snorted the contents of the packet and experienced the same sensations that he had in the past after snorting cocaine. The informant stated that he had been a regular and frequent user of cocaine for the past three years.

Officer Guerrieri executed another complaint for a search warrant on May 8, 1989, for defendant's residence. This complaint was also based on information from an informant whose description is substantially similar to the description of the informant in the first complaint. The informant indicated that he purchased a folded

white paper packet for $90 from Coss at Coss' residence on May 8, 1989. The informant observed 30 such packets on top of a dresser in defendant's bedroom. After leaving defendant's residence, the informant snorted the contents of the packet and experienced the same sensations that he had in the past after snorting cocaine.

In addition, Officer William Facchini executed a complaint for a search warrant for defendant's 1977 Chevrolet Corvette on May 8, 1989. The complaint was based on a conversation between Officer Facchini and an informant whose description is substantially similar to the informant mentioned in Officer Guerrieri's complaints. According to the informant, defendant was parked in this Corvette at the 5500 block of North Clark Street in Chicago on May 8, 1989. The car's license plates were identified. The informant leaned into the passenger side of the car while defendant sat behind the wheel. The informant exchanged $45 for a folded white paper packet containing white powder. Defendant retrieved this packet from a freezer bag containing between 50 and 60 such packets that was concealed behind the dashboard area on the passenger side of the car. After leaving the area where the car had been parked, the informant snorted the contents of the packet and experienced the same sensations that he had in the past after snorting cocaine.

The warrants sought by Officer Guerrieri were signed at 6 p.m. and 6:05 p.m. on May 8, 1989. The warrant sought by Officer Facchini was signed at 6:57 p.m. that same day. The warrants were executed that evening. Defendant was arrested. The police recovered 8.7 grams of cocaine from the pizzeria, 67.9 grams of cocaine from defendant's residence and 16.5 grams of cocaine from defendant's Corvette, which was in a parking garage behind defendant's residence.

Before trial, defendant filed a motion pursuant to *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, to quash the search warrants and suppress evidence. The motion also requested an evidentiary hearing. The motion alleged that Officer Guerrieri knew the informant's statements to be false when he signed the complaints for search warrants in this case. Defendant contended that once these false statements were set aside, the affidavits were insufficient to show probable cause.

Defendant attached his signed affidavit to the motion, in which he denied ever selling drugs from his business, residence or car. Defendant further stated in his affidavit that on May 8, 1989, he slept until 5 a.m., and worked from 6 a.m. to 5 p.m. at the S & C Electric Company as an electrician. He then cashed two checks at

the bank. Defendant arrived at the pizzeria at about 6 p.m. and worked until 9 p.m., when the police arrived. He further stated that he left his jobsite for a short time on May 8, 1989, to take a medical examination administered at his place of employment.

Defendant also attached several exhibits to his motion. Defendant attached a notarized letter from the S & C Electric Company stating that defendant was a full-time employee from June 2, 1988 through May 16, 1989. Also attached was a report from Health Evaluation Programs, Inc., indicating that defendant took a health test on May 8, 1989. Finally, defendant attached a stub purportedly attached to defendant's paycheck for the pay period ending May 13, 1989, indicating 26 hours of day work and four hours of overtime.

At the hearing on this motion, defendant stated that the motion was directed toward the Facchini affidavit in addition to the Guerrieri affidavits. Defendant maintained that Guillermo Casas, who was allegedly fighting with defendant and wanted his business, was the informant for all three complaints. Defendant argued that the police should have been suspicious of one person claiming to buy drugs from the same person three times in one day. He noted that the police made no attempt to corroborate the informant's statements.

Defendant also argued that he had an alibi for the entire day of May 8, 1989, based on his affidavit and exhibits. Defendant referred to a time card or computer printout for May 8, 1989, which is not identified in the record, in support of this argument. Defendant asserted that the Corvette was inoperable on the date in question.

Defendant offered that the following people would testify in support of his alibi: (1) the people who administered his health evaluation at work; (2) three co-workers; (3) a representative of the bank where defendant cashed checks on May 8, 1989; (4) the person in charge of time records at the S & C Electric Company; and (5) the man who worked in the garage where defendant kept his Corvette. Defendant did not offer affidavits by any of these people or explain why he did not offer them.

Finally, defendant asserted that the police fabricated the informants in the warrants and lied in their complaints. Defendant offered no evidence to support this assertion, but offered to supplement the record. The trial court stated that it would consider only the argument that the police acted in knowing or reckless disregard of the truth. The trial court determined that defendant failed to meet his burden of proof regarding this argument and denied defendant's motion.

Following a bench trial, defendant was found guilty of two counts of possession of a controlled substance with intent to deliver. Defendant now appeals.

■ The sole issue on appeal is whether defendant was entitled to an evidentiary hearing on his allegations regarding the police officers' affidavits. Such affidavits are presumed valid. (See *People v. Stewart* (1984), 105 Ill. 2d 22, 39, 473 N.E.2d 840, 849.) Nevertheless, a defendant may obtain a hearing on the validity of an affidavit if he or she makes a "substantial preliminary showing" that false statements were included in the affidavit, either deliberately or with reckless disregard for the truth, and that the statements were necessary to a finding of probable cause. (*Franks*, 438 U.S. at 155-56, 57 L. Ed. 2d at 672, 98 S. Ct. at 2676.) This showing must be more than a mere denial, but may be less than the preponderance of the evidence. (*People v. Lucente* (1987), 116 Ill. 2d 133, 152, 506 N.E.2d 1269, 1276-77.) The trial court is required to carefully balance the statements in the warrant affidavit against those in support of defendant's challenges; its determination will not be reversed absent an abuse of discretion. See *Lucente*, 116 Ill. 2d at 152-53, 506 N.E.2d at 1277.

On appeal, defendant likens his case to *Lucente*, where the defendant made the requisite showing by submitting affidavits in which he stated facts indicating an alibi and two corroborating affidavits that were sufficiently detailed so as to subject the affiants to the penalties of perjury if they were untrue. Our supreme court stated that "the presence of such sworn corroboration elevates [the defendant's] showing above the level of 'mere denial.'" *Lucente*, 116 Ill. 2d at 154, 506 N.E.2d at 1278.

■ In this case, defendant presented his own affidavit claiming an alibi. Defendant failed to present any corroborating affidavits. Defendant presented a notarized letter from the S & C Electric Company indicating he was a full-time employee on the date of his arrest. Defendant presented a document supporting his claim that he had a health examination at work that day. Defendant presented a stub indicating that he worked for 26 hours at the S & C Electric Company the week he was arrested. Defendant states that he tendered a time card indicating that he punched in at about 5:50 a.m. and out at about 4:45 p.m. on the day in question, though defendant has failed to identify this card in the record. These exhibits lack detail and do not negate the possibility that defendant could have sold drugs before work, on his way to work, during breaks away from work, and after work. Consequently, the trial court did not

abuse its discretion in denying the *Franks* hearing. See *People v. Martine* (1985), 106 Ill. 2d 429, 435-36, 478 N.E.2d 262, 264.

Defendant claims that his oral offer of proof regarding persons who would testify on his behalf obviates the need to submit their affidavits. *Franks* states that "[a]ffidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." (*Franks*, 438 U.S. at 171, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684.) In this case, the defendant's affidavit, the notarized letter and other exhibits were furnished, but defendant's oral offer of proof does not explain why the statements of others are absent. In addition, unlike the sworn affidavits in *Lucente*, defendant's oral offer of proof does not subject anyone to the penalties for perjury. Consequently, the offer of proof need not be considered in this case.

Defendant claims that the trial court nevertheless relied on the offer of proof. The record on this point is ambiguous, but we note that given the record in this case, such reliance would have been error. Moreover, as such error would have been induced by and favored defendant, he cannot complain of it here. See *People v. Jordan* (1983), 116 Ill. App. 3d 269, 274, 452 N.E.2d 93, 96.

Defendant argues that the State's case is weakened by the fact that the police did not attempt to corroborate the informant's statements. (See *Lucente*, 116 Ill. 2d at 154, 506 N.E.2d at 1278.) However, the record indicates that the trial court considered this argument and rejected it. Given the record in this case, including the level of detail in the police officers' affidavits, we cannot conclude that the trial court abused its discretion in this regard.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MANNING, P.J., and O'CONNOR, J., concur.